**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ESPARZA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMARTPAY LEASING, INC.<br><br>Defendant. | Case No.:<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*** <br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Shawn Esparza ("Plaintiff") brings this class action complaint against Defendant Smartpay Leasing, Inc. ("Smartpay" "Defendant") to stop Defendant's practice of sending unsolicited and promotional text messages to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 46 U.S.C. § 227 ("TCPA") and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.   Smartpay is a business that provides lease-to-own payment plans for cellular equipment.

2.   In attempt to gain business, Smartpay routinely contacts prospective customers through mass text messaging, without their consent to be texted and continues to text message those prospective customers even after he or she revokes any consent for future contact from Smartpay.

3.   The TCPA strictly forbids nuisance text messages exactly like those alleged in this Complaint – intrusive text messages to Plaintiff's private cellular phone, without the prior express consent.

4.   Smartpay's violations caused Plaintiff and members of the class actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text message, as well as the violation of her statutory rights.

5.   Plaintiff seeks an injunction stopping Smartpay from sending unsolicited promotional text messages, as well as an award of statutory damages under the TCPA and injunctive relief.

## JURISDICTION AND VENUE

6.   This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act,

47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Classes is a citizen of a state different than Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant has its principal place of business located at 550 Kearny St Ste 320, San Francisco CA 94108 and transacts significant amounts of business within this District.

## PARTIES

8. Plaintiff Shawn Esparza is, and at all times mentioned was, a resident of the State of Arizona. She is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant Smartpay, is a Delaware Corporation, headquartered in San Francisco, California and is a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff alleges that at all times relevant herein Smartpay conducted business in the state of California, and within this District.

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA") 47 U.S.C. §§ 227 *et seq.*

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling[4], the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

15. Further, as of October 16, 2013, express **written** consent is required to make any such telemarketing calls.[5] The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (F.C.C. 2003) ("2003 TCPA Order").

[4] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 FCC Order").

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012) ("2012 FCC Order").

of the significance of providing consent and must further unambiguously agree to receive future phone calls.[6]

16. On July 10, 2015 the FCC released a Declaratory Ruling wherein it was confirmed that even if a consumer originally did provide "prior express consent" that caller has a right to revoke consent, using any reasonable method, including orally or in writing.[7] However, even before the FCC Order that consent to receive a text message could be revoked, the Mobile Marketing Association declared in October 2012 in its *U.S. Consumer Best Practices for Messaging* that "[a] subscriber must be able to stop participating and receiving messages from any program by sending STOP to the short code used for that program…" and "… if the subscriber sent STOP or STOP ALL to the short code, they are opted out of all programs they were enrolled in on that short code."

17. A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

18. In an effort to increase business, Smartpay has sent thousands of text messages to consumers nationwide.

19. In early 2016, Plaintiff received a cellular phone from Defendant. However, a few months later, due to defective equipment, Plaintiff returned the item and ceased any relationship with Defendant.

20. Plaintiff maintains no debt with Defendant and Defendant has never contacted Plaintiff concerning any debt owed.

21. Plaintiff has never consented in writing, or otherwise, to receive text messages from Defendant.

---

[6] 2012 FCC Order at 1844 ¶ 13; *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*, 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011).

[7] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 15-72 (FCC July 10, 2015) available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (last visited on April 18, 2016)

22. Beginning around at least September 23, 2016, and despite a lack of consent, Plaintiff began receiving unsolicited, promotional text messages from the short code 97403, a number owned by Smartpay.

23. Specifically, the text message stated "Congrats. You're pre-qualified for a SmartPay lease up to $1,100 for devices, accessories and more.  Complete approval here http://getsp.co/s/bp9jp."

24. Plaintiff received the same text message the next month on October 23, 2016.

25. On November 2, 2016, Plaintiff replied to the text message from Defendant with the work "Stop".

26. One minute later on November 2, 2016, Defendant sent Plaintiff the following non-confirmatory text message "SmartPay Everyday Leasing Alerts: Help at 800-374-558 and smartpaylease.com/alerts. Msg&Data rates may apply.  4 msgs/month. Text STOP to cancel."

27. Again, after receipt of Defendant's text message, Plaintiff texted the work "Stop".  However, instantaneously after Plaintiff texted the word "Stop" Defendant sent the same message again "SmartPay Everyday Leasing Alerts:  Help at 800-374-558 and smartpaylease.com/alerts. Msg&Data rates may apply.  4 msgs/month. Text STOP to cancel."

28. Thereafter, On November 22, 2016, Plaintiff received another text message from Defendant stating "You're pre-qualified for a SmartPay lease up to $1,100 for devices, accessories and more.  Complete approval here http://getsp.co/s/bp9jp."

29. Plaintiff has since received at least one promotional text message per month from Defendant.

30. These unsolicited and promotional text messages placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which had the capacity to produce

or store numbers randomly or sequentially, and to dial such numbers, to place text message calls to Plaintiff's cellular telephone.

31. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

32. These text messages constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or has revoked any alleged prior express consent.

34. These text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

35. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and on behalf of and all others similarly situated ("the Class").

37. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited, promotional text message from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class

members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39.  Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited promotional text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

40.  This suit seeks only statutory damages and injunctive relief for on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41.  The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

42.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

43.  Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents sent promotional text messages without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called

party) to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

44. Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

45. Whether Defendant, or its agents, systematically sent promotional text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

46. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

47. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

48. As a person that received at least one unsolicited promotional text message to her cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.

1  Class-wide damages are essential to induce Defendant to comply with federal law.
2  The interest of Class members in individually controlling the prosecution of
3  separate claims against Defendant is small because the maximum statutory
4  damages in an individual action for violation of privacy are minimal, especially
5  given the burden and expense of individual prosecution of the complex litigation
6  necessitated by Defendant's actions. Thus, it would be virtually impossible for the
7  individual members of the Class to obtain effective relief from Defendant's
8  misconduct. Even if members of the Class could sustain such individual litigation,
9  it would still not be preferable to a class action, because individual litigation would
10 increase the delay and expense to all parties due to the complex legal and factual
11 controversies presented in this Complaint. By contrast, a class action presents far
12 fewer management difficulties and provides the benefits of single adjudication,
13 economy of scale, and comprehensive supervision by a single Court. Economies of
14 time, effort and expense will be fostered and uniformity of decisions ensured.

15      52.   Defendant has acted on grounds generally applicable to the Class,
16 thereby making appropriate final injunctive relief and corresponding declaratory
17 relief with respect to the Class as a whole.

## COUNT 1

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

21      53.   Plaintiff incorporates by reference all of the above paragraphs of this
22 Complaint as though fully stated herein.

23      54.   Each such text message was made using equipment that, upon
24 information and belief, had the capacity to store or produce telephone numbers to
25 be called, using a random or sequential number generator, and to dial such
26 numbers.  By using such equipment, Defendant was able to effectively send
27 thousands of text messages simultaneously to lists of thousands of wireless phone
28 numbers of consumers without human intervention.

55. Defendant also sent text messages without the prior express consent of the Plaintiff and other members of the Class to receive such text messages.

56. The foregoing acts and omissions of Defendant and its agents constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### Knowing and/or Willful Violations Of The TCPA
### 47 U.S.C. §§ 227 *Et Seq.*

59. Plaintiff incorporates by reference the above paragraphs 1 through 38 inclusive, of this Complaint as though fully stated herein.

60. Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively sent thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were made without the prior express consent of the Plaintiff to receive such text messages.

61. The foregoing acts and omissions of Defendant constitutes multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

64. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

66. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

* * *

68. Any other relief the Court may deem reasonable, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all text messages, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the sending of text messages, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated: June 13, 2017

/s/ Ronald A. Marron
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS WOOD
KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff*

*and the Proposed Class*