IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN ESPARZA, on behalf of herself, and
all others similarly situated,

    Plaintiff,

  v.

SMARTPAY LEASING, INC.,

    Defendant.

No. C 17-03421 WHA

**ORDER RE MOTION TO COMPEL ARBITRATION**

## INTRODUCTION

In this putative class action for violation of the Telephone Consumer Protection Act, defendant moves to compel arbitration. Plaintiff opposes. For the reasons herein, the motion is **DENIED**.

## STATEMENT

Plaintiff Shawn Esparza leased a cell phone from defendant SmartPay Leasing, Inc. in December 2015. To lease the phone, Esparza first had to open an account on SmartPay's website, which required her to consent to SmartPay's general Terms of Use Agreement. Under the Terms of Use Agreement, Esparza agreed to "receive transactional and promotional emails and text messages." The Terms of Use Agreement did not contain an arbitration clause. It provided, however, that it "shall be subject to any other agreement [Esparza has] entered into with SmartPay" (Dkt. No. 20 ¶¶ 9, 12–13 Exh. A).[1]

---

[1] SmartPay Leasing, Inc., has since become SmartPay Leasing, LLC (Dkt. No. 20 ¶ 1).

After entering into the Terms of Use Agreement, Esparza then consented to a separate set of terms and conditions when she completed the paperwork required to lease a cell phone — the Agreement Terms and Conditions (hereinafter "Lease Terms and Conditions"). The Lease Terms and Conditions provided that "any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration instead of a lawsuit," with "Agreement" defined as the Lease-Purchase Agreement. It further stated that the agreement to arbitrate "will survive termination of the Agreement and will continue to be in effect to resolve any disputes that arise between [Esparza] and [SmartPay]" (*id.* ¶¶ 14-18, Exh. B).

Several months after leasing her phone, Esparza returned it, allegedly because it was defective. Nevertheless, after returning her phone and otherwise ending her relationship with SmartPay, Esparza began receiving promotional text messages from SmartPay on a completely different phone (not leased from SmartPay). These continued despite her requests that SmartPay stop sending them. In June, Esparza filed this suit alleging that SmartPay violated the Telephone Consumer Protection Act, 47 U.S.C. 227, by continuing to send her unsolicited texts (Compl. ¶¶ 19-20, 22-29).

In response, SmartPay filed this motion to compel arbitration. This order follows full briefing and oral argument.

**ANALYSIS**

SmartPay's motion to compel arbitration is governed by the Federal Arbitration Act. The FAA requires resolution of two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Esparza argues that the arbitration clause contained in her lease agreement does not encompass this dispute. She takes the position that the arbitration clause, by its own terms, applies only to claims arising from or related to the lease of her phone (which lease ended several months before this dispute arose), and that her claims in this action are entirely unrelated to the lease. SmartPay, on the other hand, argues that the arbitration clause broadly encompasses any disputes between Esparza and SmartPay, and therefore applies to her TCPA

claims. It further contends that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (Dkt. No. 19 at 7–8 quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

A straightforward analysis of the language of the agreements at issue, however, shows that no doubts need be resolved inasmuch as Esparza's claims clearly fall outside of the scope of the arbitration clause.

### 1. TCPA CLAIMS FALL OUTSIDE OF THE LEASE AGREEMENT.

The Lease Terms and Conditions provided that claims or disputes "*arising from or in any way related to the [lease] Agreement* must be resolved by binding arbitration" (Dkt. No. 20-2 at 4) (emphasis added). The lease agreement, in turn, concerned the transaction through which Esparza obtained her cell phone from SmartPay. It set forth in detail the terms of the lease including pricing, payment schedule, and rental period, and details about the phone (*see* Dkt. No 20-2).

Plainly, Esparza's TCPA claims do not implicate her cell phone, or the lease agreement she entered into to obtain that phone. Indeed, her claims did not even arise until months after she had returned her phone and in doing so terminated the lease (Dkt. Nos. 23 at 2, 20-2 at 3).

Seemingly recognizing that Esparza's lease agreement and TCPA claims are unrelated, SmartPay concedes that the terms of the lease agreement do not apply *directly* to Esparza's claims. Instead, it argues that the lease agreement was subject to SmartPay's website's Terms of Use Agreement, which permitted SmartPay to send Esparza promotional text messages. The Terms of Use Agreement, SmartPay contends, incorporated the lease agreement's arbitration clause, and through this route subjects Esparza's claims to arbitration (Dkt. No. 19 at 6–9). For the reasons set forth below, this argument is unpersuasive.

### 2. SMARTPAY'S TERMS OF USE AGREEMENT DOES NOT INCORPORATE THE LEASE AGREEMENT'S ARBITRATION CLAUSE.

SmartPay's Terms of Use Agreement provided, in pertinent part, that by consenting to the Terms of Use, customers "agree to receive transactional and promotional emails and text messages on [their] mobile device[s]" (Dkt. 20-1 at 6). The Terms of Use Agreement, however, did not contain an arbitration clause. Rather, it provided that the Terms of Use "shall be

3

governed by and construed in accordance with the laws of the United States, and to the extent applicable, the laws of the State of California" (*id.* at 8).

Nevertheless, SmartPay argues that the Terms of Use Agreement was subject to the arbitration clause contained in the separate lease agreement, pointing to a section of the Terms of Use Agreement, which provided that the Terms of Use "shall be subject to any other agreements [customers] have entered into with SmartPay" (*id.* at 8; Dkt. No. 19 at 7–8). Its contention is unpersuasive for two reasons.

*First*, the arbitration clause in the lease agreement expressly applied to claims "arising from or in any way related to the [lease] agreement" (*id.* Exh. B at 4). Since Esparza's TCPA claims do not arise from or relate to her agreement to lease a cell phone, the arbitration provision has no applicability even if the agreements are read together.

*Second*, to the extent that SmartPay contends the promotional text provision in the Terms of Use was incorporated into the lease agreement, its interpretation reverses the direction in which the "subject to any other agreements" clause applies (*see* Dkt. No. 19 at 6–7). The Terms of Use Agreement provided that the Terms of Use Agreement would be subject to other agreements SmartPay enters into with its customers. SmartPay, however, attempts to make the lease agreement subject to the Terms of Use, which allows for promotional text messaging. This defies the language of the contract, and therefore does not bring disputes regarding promotional text messages within the scope of the arbitration clause.

**3. THE "ANY DISPUTES THAT ARISE BETWEEN YOU AND US" CLAUSE APPLIES TO THE LEASE AGREEMENT, NOT THE TERMS OF USE.**

SmartPay's final argument is that the promotional text messaging agreement falls within the scope of the arbitration clause because the arbitration clause contains the following provision: "This arbitration agreement will survive termination of the [lease] Agreement and will continue to be in effect to resolve any disputes that arise between you and us" (Dkt. No. 20-2 at 4–5). This argument is unavailing for two reasons.

*First*, this clause is part of, and modifies, the section providing that customers agreed to arbitrate disputes *arising from the lease agreement*. The natural reading of the clause, therefore, is that it too applies to disputes arising from the lease agreement.

4

*Second*, reading the clause as applying to any and every claim arising between SmartPay and its customers, even including employment and tort claims, with no limiting principle would render the clause impermissibly overbroad, and therefore inoperable. *See, e.g.*, *Savage v. Citibank N.A.*, No. 14-CV-03633-BLF, 2015 WL 2214229, at *4 (N.D. Cal. May 12, 2015) (Judge Beth Freeman)*; In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1263 (S.D. Cal. 2012) (Judge Jeffrey Miller). This order rejects SmartPay's excessively broad and unnatural reading.

## CONCLUSION

Because the arbitration agreement does not encompass Esparza's claim, SmartPay's motion to compel arbitration is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 3, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE