JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LIANA MAYILYAN (SBN 295203)
lmayilyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendant
SmartPay Leasing, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ESPARZA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMARTPAY LEASING, INC.<br><br>Defendant. | CASE NO.: 3:15-cv-03421-WHA<br><br>**DEFENDANT SMARTPAY LEASING, INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  December 21, 2017<br>Time: 8:00 a.m.<br>Ctrm: 8 - 19th Floor<br><br>The Hon. William Alsup |

1    TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on December 21, 2017 at 8:00 a.m., or as soon

3    thereafter as the matter may be heard in Courtroom 8 of this Court, located at the

4    United States District Court for the Northern District of California, 450 Golden Gate

5    Avenue, San Francisco, California 94105, the Honorable William Alsup presiding,

6    defendant SmartPay Leasing, LLC, formerly known as SmartPay Leasing, Inc.

7    ("SmartPay"), will and hereby does move this Court, pursuant to Federal Rule of

8    Appellate Procedure 8(a)(1), for an Order staying the district court proceedings in

9    this matter until the Ninth Circuit Court of Appeals has resolved SmartPay's pending

10    appeal of this Court's denial of SmartPay's motion to compel arbitration and for a

11    stay pending arbitration.

12    This Motion is made on the grounds that a stay of the district court

13    proceedings is necessary and appropriate because SmartPay's appeal poses

14    substantial legal questions and because irreparable harm is probable absent a stay.

15    Additionally, a stay will not prejudice Plaintiff Shawn Esparza.  In contrast, a stay

16    would serve the strong public policy favoring arbitration and preserve judicial

17    economy

18    This motion will be based upon this Notice of Motion and Motion, the

19    Memorandum of Points and Authorities, all papers and pleadings on file, and all

20    other evidence or argument the Court may permit at the hearing in this matter.

21

22    DATED: November 14, 2017          SIMMONDS & NARITA LLP
                                        JEFFREY A. TOPOR
23                                      LIANA MAYILYAN

24
                                   By:    s/Liana Mayilyan
25                                      Liana Mayilyan
                                        Attorneys for Defendant
26                                      SmartPay Leasing, Inc.

27

28

## I.   <u>INTRODUCTION</u>

On October 3, 2017, this Court denied the Motion to Compel Arbitration of Defendant SmartPay Leasing, LLC's, formerly known as SmartPay Leasing, Inc. ("SmartPay").  On October 24, 2017, SmartPay appealed the Court's denial of its motion to the Ninth Circuit.  Pursuant to Federal Rule of Appellate Procedure 8(a)(1), the Court should stay all proceedings in this Court pending the Ninth Circuit's resolution of SmartPay's appeal.[1]

Independently and together, each of the four relevant factors weigh in favor of staying this action pending appeal.  SmartPay's appeal poses substantial legal questions regarding the scope of arbitration agreements.  Absent a stay, SmartPay will suffer irreparable harm, especially given that this is a class action lawsuit, whereas Plaintiff Shawn Esparza ("Esparza") will suffer no prejudice.  Additionally, a stay would serve the strong public policy favoring arbitration, as repeatedly confirmed by the Supreme Court in recent years.  Accordingly, the Court should grant this motion and stay the district court proceedings until SmartPay's appeal is final.

## II.   <u>STATEMENT OF FACTS</u>

On June 13, 2017, Esparza commenced this putative class action lawsuit against SmartPay.  Esparza alleges she received "unsolicited, promotional text messages" from SmartPay.  Complaint (Doc. No. 1) at ¶ 22.  She claims she did not provide SmartPay or "its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227(b)(1)(A) and/or has revoked any alleged prior express consent."  *Id.* at ¶ 31.  Esparza brings suit on behalf of a putative class of all persons within the United States who received any unsolicited, promotional text

---

[1] Federal Rule of Appellate Procedure 8(a)(1)(A) provides that "[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal."

1  message from SmartPay or its agents on their cellular telephones through the use of

2  any "automatic telephone dialing system" ("ATDS"), which were made without their

3  prior express consent, within four years prior to the filing of the Complaint through

4  the present.  *Id.* at ¶ 37.  Based on these allegations, Esparza asserts claims against

5  SmartPay under various sections of the Telephone Consumer Protection Act,

6  47 U.S.C. § 227, *et seq.* ("TCPA").  *Id.* at ¶ 34.

7       On July 28, 2017, SmartPay moved to compel arbitration based on an

8  arbitration agreement Esparza agreed to when she entered into her relationship with

9  SmartPay.  *See* Doc. No. 19.  On October 3, 2017, this Court denied SmartPay's

10  motion on the grounds that the arbitration clause at issue did not encompass

11  Esparza's TCPA claims.  *See* Doc. No. 33.

12       On October 24, 2017, SmartPay appealed this Court's Order denying its

13  motion to compel arbitration to the Court of Appeals for the Ninth Circuit pursuant

14  to 9 U.S.C. § 16(a), which provides an immediate right to appeal an order denying a

15  motion to compel arbitration.  *See* Doc. No. 38.  SmartPay now seeks to stay all

16  proceedings in this Court while SmartPay's appeal is pending.

17  **III.**  **ARGUMENT**

18       **A.**    **Legal Standards For Motion To Stay Pending Appeal**

19       Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), a party may

20  take an interlocutory appeal from an order denying a motion to compel arbitration.

21  *See* 9 U.S.C. § 16(a)(1)(B).  Most circuits hold that district court proceedings are

22  automatically stayed while a denial of a motion to compel arbitration is appealed.

23  *See, e.g., Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007)

24  (explaining that there is a circuit split regarding whether filing of appeal pursuant to

25  § 16(a) of FAA automatically deprives trial court of jurisdiction to proceed until such

26  time as appeal is fully litigated; adopting majority view); *McCauley v. Halliburton*

27  *Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005) (automatic divestiture of

28  trial court jurisdiction unless appeal is frivolous or forfeited); *Blinco v. Green Tree*

*Serv., LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (same); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (same).  In the Ninth Circuit, however, a stay pending appeal of an order denying a motion to compel arbitration is discretionary.  *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990) (rejecting argument that appeal of denial of motion to compel arbitration divested district court of jurisdiction over unrelated matters).

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotations and citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*  In determining whether to exercise its discretion to stay pending appeal, the Court examines four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The Court must weigh these factors using a continuum or "sliding scale" approach in which a stronger showing of one element may offset a weaker showing of another.  *See Leiva-Perez v. Holder*, 640 F.3d 962, 965-66 (9th Cir. 2011) (holding that factors weighed in favor of stay).

Exercising this discretion, district courts throughout the Ninth Circuit routinely grant stays pending appeals in similar situations.  *See, e.g., Ontiveros v. Zamora*, 2013 WL 1785891, at *6 (E.D. Cal. Apr. 25, 2013) (granting motion to stay proceedings pending appeal of order denying motion to compel arbitration); *Ward v. Estate of Goossen*, 2014 WL 7273911, at *5 (N.D. Cal. Dec. 22, 2014) (same); *Rajagopalan v. Noteworld, LLC*, 2012 WL 2115482, at *5 (W.D. Wash. June 11, 2012) (same); *Sample v. Brookdale Senior Living Communities, Inc.*, 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012 (same); *Pokorny v. Quixtar Inc.*, 2008 WL 1787111, at *2 (N.D. Cal. Apr. 17, 2008) (same); *Stern v. Cingular Wireless LLC*,

2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006) (same); *Winig v. Cingular Wireless LLC*, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006) (same); *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (same); *Steiner v. Apple Computer, Inc.*, 2008 WL 1925197, at *6 (N.D. Cal. Apr. 29, 2008) (same); *Murphy v. DirecTV, Inc.*, 2008 WL 8608808, at *4 (C.D. Cal. July 1, 2008) (same); *Karimy v. Associated Gen. Contractors of Am. – San Diego Chapter, Inc., Apprenticeship & Training Tr. Fund*, 2009 WL 3698397, at *3 (S.D. Cal. Nov. 5, 2009) (same); *Cardenas v. AmeriCredit Fin. Servs. Inc.*, 2011 WL 2884980, at *1 (N.D. Cal. July 19, 2011) (same); *Merkin v. Vonage Am. Inc.*, 2014 WL 12701041, at *2 (C.D. Cal. Mar. 26, 2014) (same); *Aviles v. Quik Pick Express, LLC*, 2016 WL 6902458, at *4 (C.D. Cal. Jan. 25, 2016) (same); *Eberle v. Smith*, 2008 WL 238450, at *1 (S.D. Cal. Jan. 29, 2008) (same); *Richards v. Ernst & Young LLP*, 2012 WL 92738, at *5 (N.D. Cal. Jan. 11, 2012) (same).

## B.   All Applicable Factors Weigh In Favor Of Staying The District Court Proceedings Pending Appeal

Granting a stay in this case is appropriate because SmartPay's appeal poses substantial legal questions and SmartPay will be irreparably harmed by the absence of a stay.  Further, Esparza will not be substantially injured by a stay and a stay pending appeal serves the strong public policy favoring arbitration.  Thus, all the applicable factors weigh in favor of a stay of this case while SmartPay's appeal is pending.

### 1.   SmartPay's Appeal Presents Substantial Legal Questions

With respect to the first *Hilton* factor, the Ninth Circuit held:  "The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." *Britton*, 916 F.2d at 1412; *see also Winig*, 2006 WL 3201047, at *1 (finding that first factor was satisfied where defendant's appeal raised

"substantial question").  Put another way, "district courts properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004).

Here, SmartPay is entitled to stay of the district court proceedings because this case involves important issues of law – namely, whether an arbitration agreement encompasses claims arising out of a separate agreement executed at the same time between the parties, and whether Esparza has met her heavy burden of demonstrating that the broad arbitration clause excludes arbitration of this dispute.  The Ninth Circuit has not directly addressed the former issue, nor was any persuasive authority cited by the Court in its order.  At a minimum, this is thus an open question.  In addition, given the presumption in favor of arbitration[2] and the fact that Esparza presented no compelling evidence that the parties intended to exclude Esparza's TCPA claims from the broad scope of the arbitration, SmartPay respectfully asserts that arbitration should have been compelled, and that the non-binding district court decisions upon which this Court relied are distinguishable and do not support the Court's conclusion.  As such, substantial legal questions exist favoring a temporary stay of this litigation.  *See C.B.S. Employees Federal Credit Union v. Donaldson*, 716 F. Supp. 307, 309-10 (W.D. Tenn. 1989) (noting court "may grant a stay even though its own approach may be contrary to movant's view of the merits").

### 2.    SmartPay Will Suffer Irreparable Harm If A Stay Is Denied

The second factor also weighs in favor of a stay because SmartPay will be irreparably injured if a stay is not granted.  If this putative class action litigation proceeds, SmartPay will be forced to incur significant costs that would defeat the important, cost-limiting purpose of arbitration agreements.  For example, SmartPay

---

[2]  *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

will be forced to incur the expense of engaging in costly discovery, including

potential third-party and expert discovery on issues related to whether SmartPay used

an ATDS, and depositions, as well as participating in motion practice regarding class

certification (including, possibly, expensive and time-consuming class notice) and

summary judgment, and preparing for trial. Additionally, if a stay is not imposed,

SmartPay will be forced to go through the expense of providing Esparza with class

discovery – discovery she would not be entitled to in arbitration should the Ninth

Circuit rule that the dispute between the parties must be arbitrated on an individual

basis.[3]

Courts routinely recognize that these lost benefits of arbitration constitute

irreparable harm warranting a stay. *See, e.g., Steiner*, 2008 WL 1925197, at *5

(holding that "costs of litigation in the face of a denied motion to compel arbitration

will generally constitute irreparable harm . . ."); *Eberle*, 2008 WL 238450, at *3

("Although monetary expenses incurred in litigation are normally not considered

irreparable, it is a unique situation when these expenses are incurred pending an

appeal of an order refusing to compel arbitration."); *Murphy*, 2008 WL 8608808, at

*3 (noting that "in the special context of a denied motion to compel arbitration, the

second *Hilton* factor will generally be satisfied."). Accordingly, the second factor

also favors the issuance of a stay.

### 3. Esparza Will Not Be Harmed By A Stay Of The District Court Proceedings

Staying this proceeding pending appeal would not unduly harm Esparza. *See*

*Eberle*, 2008 WL 238450, at *3 ("[T]he general disadvantage to plaintiff caused by

delay of proceedings is usually outweighed by the potential injury to defendant from

---

[3] Esparza seeks relief on behalf of a broad class "consisting of all persons within the United States" who received unauthorized text messages from SmartPay within four years prior to the filing of this Complaint through present. *See* Complaint at ¶ 37.

proceeding in district court during pendency of appeal."). If the Court grants a stay and the Ninth Circuit affirms the order denying the motion to compel arbitration of Esparza's TCPA claims, Esparza may proceed at that time without loss. If the Ninth Circuit reverses, however, Esparza will have suffered no harm, as she was not entitled to judicially litigate her TCPA claims individually or on behalf of the putative class in the first place. Nor can Esparza plausibly assert that a stay might adversely affect potential witnesses or documents. Moreover, this case remains in its early stages. Granting a stay at this stage of the proceedings will not materially affect Plaintiff or the proposed class. As such, the third factor weighs in favor of a stay of this litigation pending the outcome of SmartPay's appeal.

### 4.    Policy Dictates That This Matter Should Be Stayed

The fourth factor, which considers the public interest, also favors a stay. It is well established that there is a strong national policy in favor of arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Moses H. Cone Corp.*, 460 U.S. at 24 (in enacting FAA, Congress declared liberal federal policy favoring arbitration). A stay pending the outcome of the appeal serves the public interest by promoting the "strong federal policy encouraging arbitration as a 'prompt, economical and adequate' method of dispute resolution for those who agree to it." *A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal citation omitted); *see also Pokorny*, 2008 WL 1787111, at *7 (holding public interest favors a stay because "[t]he speed and efficiency of ADR are the foundation for a strong federal policy favoring arbitration over litigation, which would be contravened by requiring the parties to litigate while the appeal is pending."). To allow this matter to proceed in the district court while SmartPay's appeal is pending would eviscerate this policy.

Additionally, the potential waste of judicial resources that will inevitably result from an erroneous denial of a motion to compel arbitration is heightened in the

instant case because the arbitration agreement at issue includes a class action waiver. It makes little sense for this Court to expend its resources shepparding this case towards trial – including resolving an inevitable and costly motion for class certification and possible class notice to a nationwide class – and a possible jury trial, only later to learn from the Ninth Circuit that Esparza should have been compelled to arbitrate her claims on an individual, non-class basis. *See C.B.S.,* 716 F. Supp. at 307; *see also Winig*, 2006 WL 3201047, at *3 (holding that fourth factor supported issuance of stay in a class action lawsuit because it "would promote the public interest in the economical use of judicial resources."). All of this time, effort and money will be wasted if the Ninth Circuit determines that SmartPay may enforce the arbitration agreement. Under these circumstances, the public interest in conserving judicial resources supports a stay of this action pending the Ninth Circuit's review of the issues raised by SmartPay's appeal.

In sum, considered alone, each of the relevant factors warrants a stay pending appeal. Taken together, they all lead to the inescapable conclusion that a stay pending appeal is dictated here.

## IV.   <u>CONCLUSION</u>

For the forgoing reasons, the Court should stay the district court proceedings pending the Ninth Circuit's review of the Court's Order denying SmartPay's Motion to Compel Arbitration.

DATED: November 14, 2017       SIMMONDS & NARITA LLP
JEFFREY A. TOPOR
LIANA MAYILYAN


By:  /s/Liana Mayilyan
       Liana Mayilyan
       Attorneys for Defendant
       SmartPay Leasing, Inc.

ESPARZA v. SMARTPAY LEASING, INC. (CASE NO.: 3:15-cv-03421-WHA)
DEFENDANT SMARTPAY LEASING, INC.'S NOTICE OF MOTION AND MOTION TO STAY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT       8.