IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN ESPARZA, on behalf of herself, and
all others similarly situated,

    Plaintiff,

v.

SMARTPAY LEASING, INC.,

    Defendant.

No. C 17-03421 WHA

**ORDER DENYING MOTION FOR STAY**

## INTRODUCTION

In this putative class action for violation of the Telephone Consumer Protection Act, defendant moves for a stay pending its appeal of an order denying arbitration. Plaintiff opposes. For the reasons herein, the motion is **DENIED**.

## STATEMENT

Plaintiff Shawn Esparza leased a cell phone from defendant SmartPay Leasing, Inc. in December 2015. To lease the phone, Esparza first had to open an account on SmartPay's website, which required her to consent to SmartPay's general Terms of Use Agreement. Under the Terms of Use Agreement, Esparza agreed to "receive transactional and promotional emails and text messages." The Terms of Use Agreement did not contain an arbitration clause. It provided, however, that it "shall be subject to any other agreement [Esparza has] entered into with SmartPay" (Dkt. No. 20 ¶¶ 9, 12–13, Exh. A).[1]

---

[1] SmartPay Leasing, Inc., has since become SmartPay Leasing, LLC (Dkt. No. 20 ¶ 1).

After entering into the Terms of Use Agreement, Esparza consented to a separate set of terms and conditions when she completed the paperwork required to lease a cell phone — the Agreement Terms and Conditions ("Lease Agreement"). The Lease Agreement provided that "any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration instead of a lawsuit," with "Agreement" defined as the Lease Agreement. It further stated that the agreement to arbitrate "will survive termination of the Agreement and will continue to be in effect to resolve any disputes that arise between [Esparza] and [SmartPay]" (*id.* ¶¶ 14-18, Exh. B).

Several months after leasing her phone, Esparza returned it, allegedly because it was defective. Nevertheless, after returning her phone and otherwise ending her relationship with SmartPay, Esparza began receiving promotional text messages from SmartPay on a completely different phone (not leased from SmartPay). These continued despite her requests that SmartPay stop sending them. In June, Esparza filed this suit alleging that SmartPay violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by continuing to send her unsolicited texts (Compl. ¶¶ 19-20, 22-29).

In response, SmartPay filed a motion to compel arbitration. After full briefing and oral argument, an order denied SmartPay's motion. Smartpay then appealed that order, and now moves for a stay of proceedings pending the outcome of that appeal (Dkt. No. 41). Esparza opposes the stay. This order follows full briefing and oral argument.

**ANALYSIS**

Whether to issue a stay is within the district court's discretion. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009). This requires the court to weigh four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Ibid.* In the Ninth Circuit, courts weigh these factors using a sliding scale approach, under which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v.*

2

*Holder*, 640 F.3d 962, 964 (9th Cir. 2011). Under this approach, a movant must raise at least serious questions going to the merits, and can satisfy the other factors by showing that the balance of hardships tips sharply in its favor, that the movant will suffer irreparable harm in the absence of a stay, and that the public interest favors a stay. *Ibid.*

### 1. SERIOUS QUESTIONS GOING TO THE MERITS.

SmartPay argues that it has raised serious questions as to whether its arbitration clause applies to Esparza's TCPA claim. It correctly observes that our court of appeals has not addressed whether an arbitration agreement can be read to encompass claims arising out of a separate agreement executed at the same time between the same parties — the central question presented in SmartPay's appeal (Dkt. No. 41 at 5).

The order denying SmartPay's motion to compel arbitration found that the arbitration clause did not apply to Esparza's TCPA claims because, by its own terms, it applied only to claims "arising from or in any way related to the [Lease] Agreement" (Dkt. No. 33 at 3; Dkt. No. 20-2 at 4). That order observed that a straightforward interpretation of the language indicated that the arbitration agreement was directed at the lease, which did not make any mention of promotional text messaging. It further observed that the text messages Esparza complained of did not occur until months after her lease had expired and she had returned her phone, and thus terminated her lease (Dkt. No. 33 at 3–4). Indeed, as a result of these obstacles, SmartPay did not attempt to argue that the arbitration clause in the Lease Agreement applied directly to Esparza's TCPA claims, but rather that it applied indirectly through the Terms of Use Agreement that Esparza entered into the same day she entered into the Lease Agreement.

Under SmartPay's Terms of Use Agreement, Esparza agreed to "receive transactional and promotional emails and text messages" from SmartPay. The Terms of Use Agreement, however, did not contain an arbitration clause. Thus, SmartPay argued that the "arising from or in any way related to" language in the Lease Agreement's arbitration clause should encompass the Terms of Use Agreement because it was entered into on the same day (though the Terms of Use admittedly did not apply to the Lease Agreement).

The order on Smartpay's motion to compel rejected this argument. It observed that

3

SmartPay's all-encompassing interpretation of its arbitration clause would require arbitration of "any and every claim arising between SmartPay and its customers, even including employment and tort claims" (Dkt. No. 33 at 5). Because the language of the arbitration clause had no meaningful limitation on its reach, if so extended, the order denying SmartPay's motion to compel determined that a separate agreement entered into at the same time could not be deemed related to Esparza's Lease Agreement for the purpose of arbitration.

Nevertheless, because of the lack of precedent directly on point, and the strong preference for arbitration embodied in the Federal Arbitration Act, SmartPay has raised serious questions as to whether Esparza's TCPA claim could be deemed to fall within the arbitration agreement she entered into to lease her phone. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).

**2. IRREPARABLE HARM AND BALANCE OF HARDSHIPS.**

Defendant argues that, absent a stay, it will be forced to incur significant costs that would defeat the cost-limiting purpose of arbitration agreements. The truth is, however, that all discovery in this action will be usable in any future arbitration (if arbitration is ever required). So, we would just be that much further along if and when arbitration is ever required. In order to mitigate any potential for unnecessary costs, however, discovery shall be limited to that concerning the named plaintiff for the pendency of defendant's appeal of the order denying arbitration.

Defendant next argues that plaintiff would not be injured by a stay because this case is still in its early stages and potential witnesses or documents would not be adversely affected. A stay, however, would likely force plaintiff to wait an extended period for any progress in this action, during which time relevant data may disappear and witnesses' memories may fade. This order agrees that there is a risk of harm to plaintiff if a stay is imposed, and finds that defendant has not shown that the balance of hardships tips in its favor.

**3. THE PUBLIC INTEREST.**

Finally, defendant contends that the public interest would be served by a stay because there is a strong national policy in favor of arbitration and a stay would conserve judicial

4

resources that would otherwise be wasted if defendant succeeds on its appeal. But this Court has found the arbitration clause is inapplicable, so the premise of this argument is doubtful. Meanwhile, we have a need for the "just, speedy, and inexpensive" determination of this action, as contemplated by FRCP 1.

## CONCLUSION

For the foregoing reasons, defendant's motion for a stay pending its appeal of the order denying arbitration is **DENIED**. During the pendency of defendant's appeal, however, discovery shall be limited to that concerning the named plaintiff. Upon receiving the court of appeal's schedule on defendant's appeal, the parties shall propose an amended case management schedule to reflect any additional time needed for class discovery and for plaintiff's motion for class certification.

**IT IS SO ORDERED.**

Dated: December 29, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE