# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by Plaintiff Shawn Esparza ("Plaintiff"), individually and on behalf of the class of persons she seeks to represent, and by Defendant SmartPay Leasing LLC, improperly sued as SmartPay Leasing, Inc. ("Defendant" or "SmartPay"). Plaintiff and Defendant are referred to collectively in this Agreement as the "Parties."

## RECITALS

1.01    On June 13, 2017, Plaintiff Shawn Esparza filed a Complaint in the United States District Court for the Northern District of California (the "Court") entitled *Shawn Esparza, on behalf of herself and all others similarly situated vs. SmartPay Leasing, Inc.,* which was assigned Case No. 3:17-cv-03421-WHA (the "Action").

1.02.   On July 28, 2017, SmartPay filed a Motion to Compel Arbitration, which was denied on October 3, 2017. SmartPay appealed the order denying arbitration and filed an Answer to the Complaint on November 1, 2017. During the pendency of SmartPay's appeal, discovery was ordered limited to that concerning the Plaintiff. On December 20, 2018, Plaintiff moved for class certification, which the Court held in abeyance until a resolution of SmartPay's appeal of the order denying its Motion to Compel Arbitration. On March 21, 2019, the United States Court of Appeals for the Ninth Circuit issued its Memorandum Disposition affirming the Court's October 3, 2017 order.

1.03    On June 6, 2019, the Court issued an order certifying the following class under Federal Rule of Civil Procedure 23(b)(3): "STOP" Text Message Class: All persons within the United States (i) whose cellular telephone number (ii) SmartPay Leasing, Inc. sent a text message (iii) using its vendor Twilio, Inc.'s platform (iv) from September 29, 2015 to June 13, 2017, (v) after texting the word "STOP." The order further stated that the "class definition shall apply for all purposes, including settlement" and appointed Shawn Esparza as class representative and Ronald Marron, Alexis Wood, and Kas Gallucci of the Law Offices of Ronald A. Marron as class counsel  (Dkt. No. 89 at 10).

1.04    SmartPay has denied, and continues to deny, all material allegations of the Complaint.  Smart Pay also denies that the case was properly certified and contends that numerous unascertainable class members are subject to arbitration. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, SmartPay has concluded that further defense of the Action would be protracted, burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement, subject to Court approval.

1.05.    This Agreement resulted from good faith, arm's-length settlement negotiations, including a day-long mediation session before the Hon. Judge Leo S. Papas, Ret., of Judicate West. Prior to that mediation, SmartPay provided Plaintiff with certain information concerning her claims, including data regarding the number of text messages transmitted to Class Members.  The Parties also participated in direct discussions about a possible resolution of this litigation, including numerous telephonic meetings.  Certain information provided by SmartPay in the course of those discussions and negotiations is subject to confirmatory discovery by Plaintiff as a condition of this settlement.

1.06.    Based on their investigation and the negotiations described in this Agreement, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with SmartPay on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Class Members.

1.07    Subject to approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions in this Agreement, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement, and to fully, finally and forever resolve, discharge and release the claims (as set forth below) of Class Plaintiff and the Class Members, in exchange for Defendant's agreement to fund a settlement fund of $375.00 per class member, in full and final settlement of this Action, inclusive of all notice and administration costs and expenses, attorneys' fees, costs, and expenses, and an incentive award, subject to the Court's approval.

1.08.    The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims, subject to preliminary and final approval by the Court.  This Agreement is inadmissible as evidence against any party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any party to this Agreement.  It is the Parties' desire and intent to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.09.    The settlement contemplated by this Agreement is subject to preliminary and final approval by the Court, as set forth herein.  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## DEFINITIONS

2.01    **"Action"** means the Action captioned *Shawn Esparza, on behalf of herself and all others similarly situated vs. SmartPay Leasing, Inc.,* Case No. 3:17-cv-03421-WHA.

2.02    **"Agreement"** means this Settlement Agreement and Release.

2.03    "**CAFA Notice**" means the notice required by 28 U.S.C. § 1715(b).

2.04    **"Claims Administrator"** shall mean Heffler Claims Group ("Heffler").

2.05    **"Class"** refers to the June 6, 2019, certified "STOP" Text Message Class which is defined as:  All persons within the United States (i) whose cellular telephone number (ii) SmartPay Leasing, Inc. sent a text message (iii) using its vendor Twilio, Inc.'s platform (iv) from September 29, 2015 to June 13, 2017, (v) after texting the word "STOP." Excluded from the Class are SmartPay, its parent companies, affiliates or subsidiaries, or any entities in which such companies have a controlling interest; and any employees thereof; the judge or magistrate judge to whom the Action is assigned and any member of those judges' staffs and immediate families, and any persons who timely and validly request exclusion from the Class.  There are approximately 23,144 persons in the Class.

2.06    **"Class Counsel"** means Ronald A. Marron, Alexis M. Wood and Kas L. Gallucci of The Law Offices of Ronald A. Marron.

2.07    **"Class List"** means the list of cellular phone numbers that were sent text messages on behalf of SmartPay using its vendor Twilio, Inc.'s platform and identified from reasonably available records maintained by SmartPay.  The Class List includes corresponding name and last known mailing address and other identifying information, possibly including email address, where available as produced by SmartPay in this Action.

2.08    **"Class Member"** means a Person who falls within the definition of the Class as set forth in Section 2.05.

2.09    **"Class Period"** means September 29, 2015 through June 13, 2017.

2.10    "**Class Representative"** means Plaintiff Shawn Esparza.

2.11    **"Court"** means the United States District Court for the Northern District of California, and the U.S. District Judge William Alsup to which the Action is assigned.

2.12    "*Cy Pres* **Recipient"** means CTIA.

2.13    **"Direct Notice"** means the notice of settlement in the form attached hereto as **Exhibit A**, sent out via U.S. First Class Mail.  The notice of settlement describes the nature of the action, summarizes the terms of the settlement and advises Class Members of their options to remain in the case, exclude themselves or object to the settlement.

2.14    **"Effective Date"** means the first business day after which all of the events and conditions specified in Section 19.01 have been met and have occurred.

2.15    **"Final Approval Hearing"** means the hearing held by the Court to determine whether to finally approve the settlement of this Action as set forth in this Agreement as fair, reasonable and adequate.

2.16    **"Final Approval Order"** means the Court's Order approving the Agreement as fair, reasonable and adequate and entering Final Judgment.

2.17    **"Final Judgment"** means the date when the Judgment has become final as provided in Section 16.01.

2.18    **"Funding Date"** means the date, which shall be no later than fourteen (14) days after the Effective Date, on which SmartPay shall make the payments of the Settlement Fund due pursuant to Section 10.04.

4 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

2.19    **"Notice"** means the notices to be provided to Class Members as set forth in Section 8, including, without limitation, the Direct Notice and the Website Notice to be posted on the Settlement Website.  The forms of Notice are further described in Sections 11.01 through 11.06. The forms of the Direct Notice, Website Notice and the Settlement Website will comply with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure.

2.20    **"Objection Deadline"** means sixty (60) days from the mailing of the Direct Notice.

2.21    **"Opt-Out Deadline"** means sixty (60) days from the mailing of the Direct Notice.

2.22    **"Person"** shall mean, without limitation, any individual and his or her spouse, heirs, successors, representatives, and assigns.

2.23    **"Plaintiff"** means Shawn Esparza and the Class Members, for purposes of this settlement only.

2.24    **"Preliminary Approval Order"** means the Court's Order entered in connection with the Preliminary Approval Hearing.

2.25    **"Released Claims"** means those claims released in Section 18.

2.26    **"Released Parties"** means SmartPay, and each of their respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

2.27    **"Releasing Parties"** means Plaintiff and their respective present or past estates, heirs, assigns, successors, agents, attorneys, executors, and any other representatives of any of these Persons and entities.

2.28    "**Settlement Award**" means the amount remaining in the Settlement Fund after payment of all Settlement Costs divided on a *pro rata* basis, paid per Class Member.

2.29    **"Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, the cost of litigation, the cost of notice and claims administration, and all other costs incurred in this Action by or on behalf of the class.

5 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

2.30   **"Settlement Fund"** means a common fund equivalent to $375.00 per Class Member, that SmartPay agrees to pay to settle this Action in full.  This sum is estimated to be $8,679,000.  The Settlement Fund shall be used for Settlement Costs and all amounts to be paid to Class Members and Class Counsel under this Agreement, including any incentive award to the Class Representative, and any fee award to Class Counsel.  The Settlement Fund represents the total extent of SmartPay's monetary obligations under this Agreement.

2.31   **"Settlement Website"** means the Internet website operated by the Claims Administrator as described in Section 11.04.

2.32   **"SmartPay"** means SmartPay Leasing LLC, including any of its divisions.

2.33   **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., and any regulations or rulings promulgated under it.

2.34   **"Text Message"** means any short message service ("SMS") or text message to a cellular telephone sent by SmartPay using its vendor Twilio, Inc.'s platform.

2.35   **"Website Notice"** means the long-form of Notice describing the terms of this Agreement in a question and answer format, which will be made available on the Settlement Website as described in Section 11.03, the form of which is attached hereto as **Exhibit B**, informing the Class Members in detail of their rights and obligations related to this Settlement and advising them how to exclude themselves from the settlement or to object.

## <u>PARTIES POSITION ON SETTLEMENT</u>

3.01   <u>Admissibility</u>**.** Additionally, this Agreement, any negotiations or proceedings related to it, the implementation of it, and any papers submitted in support of the motions for approval of it (collectively, the "Settlement Proceedings") are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

3.02    Denial of Liability.  By entering into this Agreement, it is understood that the Released Parties, including Defendant, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Plaintiff, any person in the Class or any other persons; and that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action.

3.03    Plaintiff's Belief in the Merits of the Case.  Plaintiff believes the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement may in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by her, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

3.04    Plaintiff Recognizes the Benefit of Settlement.  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff has concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement. Plaintiff and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Class and that it is in the best interests of the Class to settle, as described herein, given the facts and circumstances underlying this matter.

## JURISDICTION

4.01    The Parties agree that the Court has, and will continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees, costs, and expenses, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

## CLASS COUNSEL AND CLASS REPRESENTATIVES

5.01.    Class Representative and Class Counsel Appointment.  Shawn Esparza has been appointed as the Class Representative for the Class.  Ronald A. Marron, Alexis M. Wood and

Kas L. Gallucci, of The Law Offices of Ronald A. Marron, have been appointed as Class Counsel.

## SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

6.01.   <u>Total Payment</u>.  SmartPay shall pay $375.00 per Class Member to settle the Action and obtain a full release from the Class Members of all Released Claims.  This sum is estimated to be $8,679,000.   The Settlement Fund established by SmartPay will be used to pay all Class Members and all Settlement Costs. No remaining funds shall revert to SmartPay or otherwise be paid to SmartPay. Rather, all funds remaining after the payment of all Settlement Costs will be distributed to the *Cy Pres* Recipient.

6.02.   <u>Amount Paid per Claim or "Settlement Award"</u>. The amount paid per Class Member shall be divided on a *pro rata* basis from the amount remaining in the Settlement Fund after payment of all Settlement Costs from the Settlement Fund.

6.03.   <u>Non-Monetary Relief</u>.  As an additional benefit to all Class Members, SmartPay represents that it implemented enhanced policies and procedures during the class period to ensure (A) that it has obtained express consent prior to sending any messages through any text messaging systems and (B) that future STOP requests are honored.

## ATTORNEYS' FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVES

7.01.   <u>Incentive Award, Attorneys' Fees and Expenses</u>.  Plaintiff shall petition the Court for an incentive award and attorneys' fees and expenses, including settlement administration. These amounts will be set by the Court.  The Parties have not agreed on any such amounts.  The awarded amounts will be determined by the Court and shall be paid as follows:  within five (5) business days after the Funding Date and after receipt of Plaintiff's and Class Counsel's completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court and any attorneys' fees and costs awarded to Class Counsel, and Class Counsel shall disburse the incentive payment to the Class Representative.

7.02   <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.  The payments of attorneys' fees, costs and the incentive payment set forth in Sections 7.01 are subject

8 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

to and dependent upon the Court's approval of the Agreement as fair, reasonable, adequate, and in the best interests of Class Members.  However, this Agreement is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff.  In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

## CONDITIONS OF SETTLEMENT

8.01    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

(A)    execution of this Agreement by Defendant, Plaintiff, and Class Counsel.

(B)    the granting of preliminary approval by the Court.

(C)    sending of the notices, described in Section 9 below.

(D)    the granting of final approval by the Court.

(E)    execution and entry of Judgment by the Court.

(F)    the occurrence of all other circumstances necessary for the Effective Date to arise.

8.02    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Class Plaintiff or any third party.

8.03    <u>Confirmatory Deposition</u>.  Defendant will produce a witness for deposition prior to the filing of the Motion for Preliminary Approval to testify regarding the size of the class, the availability of address information for class members and the steps taken to assure stop messages are honored.

9 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

# PRELIMINARY APPROVAL

9.01.   Order of Preliminary Approval.   As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order. Pursuant to the motion for preliminary approval, Class Plaintiff will request that (and Defendant will not oppose):

(A)   The Court preliminarily approve this Agreement and the Settlement as fair, adequate and reasonable to the Class;

(B)   The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(C)   The Court direct that notice be provided to the Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order

(D)   The Court establish a procedure for any Class Members to object to the Settlement or exclude themselves from the Settlement Class in accordance with this Agreement;

(E)   The Court set a deadline sixty (60) days after the mailing of Direct Notice, after which no one will be permitted to object to the Settlement or exclude himself or herself or seek to intervene;

(F)   The Court approve the Claim Form and the claims process described in this Agreement for the Settlement Class;

(G)   The Court set the Claim Period for the submission of Claims to end sixty (60) days after the mailing of Direct Notice;

(H)   The Court, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

Released Claims unless they timely opt-out, except that members of the Class may participate in any regulatory or government proceeding or investigation;

(I)     The Court, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(J)     The Court schedule a hearing to consider Final Approval of the Settlement.

9.02    Stay/Bar of Proceedings.  All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to comply with the Settlement or to implement the Settlement. Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

## ADMINISTRATION AND NOTIFICATION PROCESS

10.01. Third-Party Claims Administrator.  The Claims Administrator shall be responsible for all matters relating to the administration of this settlement, as set forth herein.  Those responsibilities include, but are not limited to, obtaining addresses for the Class whose addresses are not provided by SmartPay (including by reverse telephone look up), providing notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, directing the mailing of settlement payments to Class Members, maintaining reasonably detailed records of exclusion requests and objections, and any other tasks reasonably required to effectuate the administration of this Agreement.  The Claims Administrator will provide, at a minimum, monthly updates on the claims status to counsel for all Parties and will respond to the Parties' questions about the status of the case or related matters in a timely manner.

10.02.    Class List.  To facilitate the notice and claims administration process, SmartPay

and its counsel will provide to the Claims Administrator and to Class Counsel, in an electronically searchable and readable format, a Class List that includes the cellular telephone numbers and names of the intended recipients to whom it sent text messages and, to the extent known, last known email addresses and mailing addresses.  SmartPay represents for settlement purposes that there are approximately 23,144 Persons in the Class, representing that number of unique cellular phone numbers in the Class List.  Any personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to Class Members and informing them about their rights further to this Settlement; shall be kept in strict confidence and subject to the Stipulated Protective Order; shall not be disclosed to any third party other than Plaintiff's consultant working with the data; and shall not be used for any other purpose.  Contact information obtained by the Class Administrator during reverse look up and any updated contact information received from the Class Members in the claims process or otherwise shall not be provided to SmartPay but shall be maintained solely by the Claims Administrator.  However, such information may be provided to Class Counsel if necessary to facilitate communication between the Class Member.

      10.03.  <u>Payment of Notice and Claims Administration Costs</u>.  Defendant will pay the estimated Notice and Administration Costs following preliminary approval of the Settlement, such that class notice and administration is not delayed due to nonpayment by Defendant.  Defendant will be credited for any such payment against its Maximum Payment in funding the Settlement Fund on the Funding Date.  After Defendant has created the Settlement Fund and paid out the Maximum Payment required under this Settlement, Defendant shall have no further obligation to pay any amount under this Settlement, and any additional notice or administration costs shall be paid out of the Settlement Fund.  If this Agreement is terminated or fails to become effective, SmartPay shall be responsible for payment to the Claims Administrator of any claims administration costs necessarily incurred by the Claims Administrator, with all funds advanced to the Claims Administrator in furtherance of the settlement becoming an offset SmartPay may apply only against a judgment entered against it by the class in this or a similar action.

      10.04  <u>Distribution of the Settlement Fund.</u>    The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with

12 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

respect to each such payment:

(A)     no later than five (5) business days after the Funding Date, the Claims Administrator shall pay taxes and tax-related expenses, if any, or, at the Claims Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses as described in Section 21;

(B)     no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to the Class Representatives any incentive award ordered by the Court, as described in Section 7.01;

(C)     no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to Class Counsel any award of attorneys' fees, costs, or expenses ordered by the Court, as described in Section 7.01;

(D)     no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration;

(E)     no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Settlement Awards to Class Members pursuant to Section 13; and

(F)     on the final distribution date, which is the earlier of (i) the date as of which all the checks for Settlement Awards have been cashed; or (ii) 210 days after the date on which the last check for a Settlement Award was issued, the Claims Administrator shall pay any amount remaining in the Settlement Fund account from uncashed settlement checks to the *Cy Pres* Recipient.

## NOTICE PLAN

    11.01.  Mailing of Direct Notice.  The Claims Administrator shall send the Direct Notice to each Class Member via U.S. First Class Mail, within thirty (30) days after entry of the Preliminary Approval Order. The Claims Administrator shall use the Class List to obtain each Class Member's last known address and shall check each address provided in the Class List against the United States Post Office National Change of Address Database before the initial mailing. The

Claims Administrator will do what it believes is necessary, including reverse phone look up, to obtain current addresses of the owners of the cellular phone numbers provided in the Class List without complete names and addresses prior to mailing the notice. If and to the extent deemed necessary by the Claims Administrator, the last known address of Class Members will be subject to confirmation or updating as follows:  (A) the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable; (B) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; (C) the Claims Administrator shall update addresses based on information it receives and through any requests received from Class Members and (D) the Claims Administrator may use the Class Members' email address to send Direct Notice if available.

11.02.  <u>Re-Mailing of Returned Postcard Notices</u>.  Any Direct Notices that are returned as non-deliverable with a forwarding address or with an updated address shall promptly be re-mailed by the Claims Administrator to such address.

11.03.  <u>Website Notice</u>.  The Claims Administrator shall post on the website a long form of the Notice in a question and answer format which sets forth the details of the settlement and the rights of Class Members to participate in the Settlement, to exclude themselves, or to object to the settlement.

11.04.  <u>Settlement Website</u>.  Within 30 days of the entry of the Preliminary Approval Order, the Claims Administrator shall maintain and administer a dedicated Settlement Website (www.SmartPayTCPAClassAction.com) containing class information and related documents.  At a minimum, such documents shall include the Settlement Agreement and Exhibits, if any, the Notice, the Website Notice, the Preliminary Approval Order, the operative Complaint, and when filed, the application for attorneys' fees and costs and the Final Approval Order.

11.05.  <u>Toll-Free Telephone Number</u>.  Within thirty (30) days after entry of the Preliminary Approval Order, the Claims Administrator shall set up a toll-free telephone number that will provide automated information on the settlement, the Class Members' rights, and important deadlines, as well as provide hard-copy settlement documents at the Class Members' request. That telephone number shall be maintained until the Objection and Opt-Out Deadline.  After that time,

and through the date the Final Approval Order is entered, a recording will advise any caller to the toll-free telephone number that the Objection and Opt-Out Deadline has passed and the details regarding the settlement may be reviewed on the Settlement Website.

11.06.  <u>CAFA Notice</u>.  SmartPay shall be responsible for timely compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 with assistance from the Claims Administrator. SmartPay shall provide proof of such compliance by filing a confirming declaration with the Court within 10 court days of completion.

## CLASS MEMBERSHIP

12.01.  <u>Class Members</u>.  Each Class Member, by doing nothing, and who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be entitled to a Settlement Award on a *pro rata* basis from the amount remaining in the Settlement Fund after payment of all Settlement Costs.

Except as necessary to evaluate requests for exclusion and/or respond to objections, the Claims Administrator shall not provide to SmartPay, its counsel or any of its agents any identifying information, including any updated contact information, obtained from the Class Members for purposes of facilitating the Class Notice, Settlement Awards, or claims administration.

## SETTLEMENT AWARDS

13.01.  <u>Mailing of Settlement Awards</u>.  The Claims Administrator shall send the Settlement Award checks to Class Members via U.S. mail no later than thirty (30) days after the Funding Date.  If any Settlement Award checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Class Member by taking the steps described in Sections 10.01.  If after a second mailing the Settlement Award check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for SmartPay of the names of the Class Members whose checks are returned by the postal service as soon as practicable.  Each Settlement Award check will be negotiable for one hundred and eighty (180) days after it is issued.  Any uncashed checks issued to Class Members in accordance with this Agreement, as well as any unclaimed funds remaining

in the Settlement Fund shall be distributed to those Class Members who have cashed their checks and provided that the pro rata amount of those checks is more than $10. Any funds not paid out after the expiration of the Settlement Award checks and any second distribution checks, the remaining funds shall be paid out to the *Cy Pres* Recipient.

## OPT-OUTS AND OBJECTIONS

14.01.  <u>Opting Out of the Settlement</u>.  A Class Member may request to be excluded from the Class by sending a complete written request to the Claims Administrator postmarked on or before the Opt-Out Deadline to be excluded from the Class.  The complete written request shall include the Class Member's name, his or her address, the name of the Action (i.e., *Esparza vs. SmartPay Leasing, Inc.*,), a statement that he or she wishes to be excluded from the Class, and the Identification Number on the Direct Notice.  A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Class and shall be bound as Class Members by this Settlement Agreement, if approved. Any member of the Class who elects to be excluded shall not: (1) be bound by any orders or the Final Judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; nor (4) be entitled to object to any aspect of this Settlement Agreement.  "Mass" or "class" requests for exclusion shall not be allowed.

14.02.  <u>Objections</u>.  Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court, and provide a copy of the objection to the Claims Administrator, Class Counsel and counsel for SmartPay no later than the Objection Deadline as set forth below:

> (A)    In the written objection, the Class Member must state his or her full name, address, current telephone number, the reasons for his or her objection, and the Identification Number on the Direct Notice.   Any supporting documents, evidence, and citations must also be attached to the Objection.

> (B)    Any Class Member who objects may appear at the Final Approval Hearing,

16 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the settlement.  A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (1) file a notice of appearance with the Court no later than ten (10) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (2) serve a copy of such notice of appearance on all counsel for all Parties.  Any Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

## **FINAL APPROVAL AND JUDGMENT ORDER**

15.01.  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

15.02.  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

    (A)    The Parties shall both request, individually or collectively, that the Court enter a Final Approval Order, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

17 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

      (B)     Counsel for the Class and SmartPay may file a memorandum addressing any objections submitted to the Settlement.

15.03.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Agreement should be finally approved as fair, reasonable, and adequate, whether any objections to the Agreement should be overruled, whether the fee award and incentive payments to the Class Representative should be approved, and whether a judgment finally approving the Agreement should be entered.

15.04.  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and:

      (A)     Finally approves the Settlement as fair, reasonable and adequate;

      (B)     Finds that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

      (C)     Finds that the Class Members have been adequately represented by Plaintiff and Class Counsel;

      (D)     Approves the plan of distribution for the Settlement Fund and any interest accrued thereon;

      (E)     Confirms that Plaintiff and the Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

      (F)     Dismisses on the merits and with prejudice all claims of the Class Members asserted against Defendant, as well as the Action, without costs to any party, except as provided in this Agreement; and

      (G)     Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

18 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

## FINAL JUDGMENT

16.01  The Judgment entered at the Final Approval Hearing approving the Settlement Agreement and determining the fee award and incentive award shall be deemed final one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award and/or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

## CONFIRMATORY DISCOVERY

17.01.  Subject to the Stipulated Protective Order, Class Counsel may conduct discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of this discovery is to confirm (A) the total number of Class Members, *i.e.*, cellular telephone numbers to which SmartPay sent a Text Message using its vendor Twilio, Inc.'s platform during the Class Period, as identified in the Class List, (B) how the number of Class Members on the Class List was determined, and (C) the process used to determine the cellular telephone numbers on the Class List.  This discovery is to be used solely for purposes of finalizing this settlement and, consistent with Section 19.03 below, may not be used for any other purpose in the event this Agreement is terminated or is otherwise not fully and finally approved by the Court.

## RELEASE OF CLAIMS

18.01.  Released Claims.  The Releasing Parties hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).

The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The release does not apply to Persons who timely opt-out of the settlement.

"Released Claims" means any and all claims, as of the date of the Final Approval Order, that relate to automated text messages pursuant to the Telephone Consumer Protection Act, 47 USC § 227 and parallel state law claims related to such text messages sent by SmartPay to Class Members during the Class Period.

18.02   Releasors hereby do expressly, knowingly and voluntarily waive and relinquish all rights, protections and benefits provided by Section 1542 of the Civil Code of California. That section reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.03  Class Plaintiff and the Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

18.04.  <u>Covenant Not To Sue</u>.  The Releasing Parties agree and covenant not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agrees to be forever barred from doing so, in any court of law or equity, or any other forum.

## **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF AGREEMENT**

19.01.  The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

    (A)    This Agreement has been signed by the Parties, Class Counsel and SmartPay's Counsel;

    (B)    The Court has entered an order granting Preliminary Approval of the Agreement;

    (C)    The Court has entered an order finally approving the Agreement, following notice to the Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and,

    (D)    The Final Judgment has become Final, as defined above.

19.02  If some or all of the conditions specified in Section 19.01 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated, unless Class Counsel and SmartPay's Counsel mutually agree in writing to proceed with this Agreement.  Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

19.03  <u>Either Side May Terminate the Agreement</u>.  Plaintiff and SmartPay shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or

21 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

   (A) the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

   (B) an appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

   (C) any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or SmartPay reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

   (D) the Effective Date does not occur; or

   (E) any other ground for termination provided for elsewhere in this Agreement occurs.

  19.04. <u>Termination if Large Number of Opt–Outs</u>. If, at the conclusion of Opt-Out Deadline, more than 500 Class Members have opted-out of the Settlement, SmartPay shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

  19.05. <u>Revert to Status Quo</u>. If either Plaintiff or SmartPay terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, any orders entered by the Court in connection with this Agreement shall be vacated, and this Agreement shall not be used for any purpose whatsoever against any of the Parties. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to SmartPay but shall become an offset SmartPay may apply against any judgment entered against it by the class in this or a similar action.

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

## NO ADMISSION OF LIABILITY

20.01.  SmartPay denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaints.  SmartPay has denied and continues to deny each and every material factual allegation and all claims asserted against them in the Action.  Nothing herein shall constitute an admission by SmartPay of wrongdoing or liability, or of the truth of any allegations in the Action.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement:  (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of SmartPay or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of SmartPay in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

20.02.  Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## TAXES

21.01.   Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1

21.02.   Claims Administrator is "Administrator". For the purpose of §1.468B of the Code and the Treasury regulations thereunder, Heffler shall be designated as the "administrator" of the Settlement Fund.   The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in

Section 10.04.

    21.03.   <u>Expenses Paid from Fund</u>. Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in this Agreement, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund pursuant to its estimates and invoice for services rendered,  in accordance with Section 10.04.

    21.04.   <u>Responsibility for Taxes on Distribution</u>. Any person or entity that receives a distribution from the Settlement Fund pursuant to Section 10.04 shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  However, if any applicable Federal and/or State taxes are required, and if the Class Member does not complete a Substitute IRS Form W-9, any applicable Federal and/or State taxes required to be withheld will be withheld from the Settlement Award and paid to the appropriate agencies as taxes by the Claims Administrator.

    21.05.  <u>SmartPay is Not Responsible</u>. Plaintiff and Class Counsel shall fully bear all the tax consequences of any and all benefits received by the Class Members from SmartPay in connection with this Agreement.  Plaintiff acknowledges that SmartPay and its attorneys provided no tax advice related to this Agreement and that SmartPay may be required to file certain Form 1099 or other information reports with the United States Internal Revenue Service.  Plaintiff has been advised to consult with tax counsel of Plaintiff's own choice to seek legal and tax advice regarding the taxability or non-taxability of consideration provided herein.  In no event shall SmartPay or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold SmartPay and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## **MISCELLANEOUS**

22.01.  <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

22.02.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California.

22.03.  <u>Non-Waiver Of Debts/Obligations Owing By Class Members</u>.  The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Plaintiff or Class Member to SmartPay and/or its clients, principals and their related or affiliated entities.  This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiff or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to SmartPay and their clients, principals and their related or affiliated entities.

22.04.  <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, for purposes of the administration and enforcement of this Agreement.

22.05.  <u>No Construction Against Drafter</u>.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

22.06.  <u>Resolution of Disputes</u>.  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

22.07.  <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.  Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

22.08.  Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

22.09.  Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

22.10.  No Oral Modifications.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of SmartPay and Plaintiff, and approved by the Court.

22.11  Advice of Counsel.  The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

22.12  Effect of Agreement.  Whether the Effective Date occurs or this Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(A)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award,  or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(B)     is, may be deemed, or shall be used, offered or received against SmartPay as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(C)     is, may be deemed, or shall be used, offered or received against Plaintiff or the Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by SmartPay, or the availability or lack of

availability of meritorious defenses to the claims raised in the Action;

(D)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(E)     is, may be deemed, or shall be construed against Plaintiff, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(F)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

22.13   <u>No Waiver</u>.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

27 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

22.14   Force of Terms.  The breach of one or more provisions of this Agreement by one party shall not be sufficient to void any other terms of this Agreement, which shall remain in force.  However, the non-breaching party shall retain all of his, her or its rights under applicable law to obtain a remedy for such breach.

22.15   Exhibits.  If there are any Exhibits attached to this Agreement, all of the Exhibits are material and integral parts hereof and are fully incorporated herein by reference.  The Parties understand portions of those Exhibits may be modified as deemed necessary by the Parties and the Court, and so long as there is no material change in the terms, the Parties shall not refuse to accept such modifications.

22.16   Integration.  This Agreement and any Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

22.17   Fees and Costs.  Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

22.18   Warranty.  Plaintiff represents and warrants that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that they are fully entitled to release the same.  SmartPay warrants that the person signing this Agreement on its behalf has full authority to do so.

22.19.   Notices.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Ronald A. Marron
Alexis M. Wood

Kas L. Gallucci
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103
Telephone: 619-696-9006
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com


If to counsel for Defendant SmartPay Leasing, Inc.

Jeffrey A. Topor
Simmonds & Narita, LLP
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
jtopor@snllp.com

Emily Lee Wallerstein
Eric J. Troutman
Squire Patton Boggs (US) LLP
555 S. Flower Street
31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
Facsimile: (213) 624-2500
emily.wallerstein@squirepb.com
eric.troutman@squirepb.com


IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have
caused this Agreement to be executed this _____ day of August, 2019.

29 of 30

*Shawn Esparza vs. SmartPay Leasing, Inc., Case No. 3:17-cv-03421-WHA*

Plaintiff Shawn Esparza

*Shawn Esparza*
Shawn Esparza (Aug 9, 2019)
_____
Shawn Esparza, Plaintiff and Class
Representative

Defendant SmartPay Leasing LLC

By: _____
     Its Authorized Representative

[Name] _____

**APPROVED AS TO FORM:**

_____
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103
Telephone: 619-696-9006

Attorney for Plaintiff Shawn Esparza and the
Class

_____
Jeffrey A. Topor
Simmonds & Narita, LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
Telephone: (415) 283-1000

Emily Lee Wallerstein
Eric J. Troutman
Squire Patton Boggs (US) LLP
555 S. Flower Street
31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500

For SmartPay Leasing LLC.

Squire Patton Boggs (US) LLP
555 S. Flower Street
31ˢᵗ Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
Facsimile: (213) 624-2500
emily.wallerstein@squirepb.com
eric.troutman@squirepb.com


    IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have
caused this Agreement to be executed this _____ day of August, 2019.

Plaintiff Shawn Esparza

Defendant SmartPay Leasing LLC

_____
Shawn Esparza, Plaintiff and Class
Representative

By: _____
    Its Authorized Representative

[Name] Christopher L. Garrido

**APPROVED AS TO FORM**:



_____
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103
Telephone: 619-696-9006

Attorney for Plaintiff Shawn Esparza and the
Class

_____  8.13.19
Jeffrey A. Topor
Simmonds & Narita, LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
Telephone: (415) 283-1000

Emily Lee Wallerstein
Eric J. Troutman

# EXHIBIT A

<u>LEGAL NOTICE</u>

*Shawn Esparza v. SmartPay Leasing, Inc.*
Case No. 17-cv-3421-WHA

**This is a notice of a settlement of a class action lawsuit.  This is <u>not</u> a notice of a lawsuit against you.**

**You may be entitled to compensation as a result of the settlement of the class action lawsuit captioned above.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

*A Federal Court authorized this notice.*
*You are <u>not</u> being sued.*
*This is <u>not</u> a solicitation from a lawyer.*

**See contents for details. For complete information, visit**

---

Esparza v. SmartPay Leasing
Class Settlement
c/o Heffler Claims Group
P.O. Box 58637
Philadelphia, PA 19102-8637

First-Class
Mail
US Postage
Paid
Permit #__

<<barcode>>
Class Member ID: [Reference Number]
<<FIRST>><<LAST>>
<<CO>>
<<ADDR1>><<ADDR2>>
<<CITY>><<ST>><<ZIP>>
<<COUNTRY>>

---

On June 5, 2019, Northern District of California ordered that this class action lawsuit against SmartPay Leasing  ("SmartPay") may be maintained not only by the named plaintiff, but also on behalf of:

**All persons within the United States (i) to whose cellular telephone number (ii) SmartPay sent a text message (iii) using its vendor Twilio, Inc.'s platform (iv) from September 29, 2015 to June 13, 2017, (v) after texting the word "STOP."**

Shawn Esparza has been appointed by the Court as the named representative of the Class.  The Court appointed the following attorneys to represent the Class: Ronald A. Marron, Alexis M. Wood, and Kas L. Gallucci, of the Law Offices of Ronald A. Marron ("Class Counsel").

**Why am I being contacted?**  A settlement has been reached in this lawsuit and SmartPay's records show that you may be one of the "Class Members" entitled to payment under the settlement.

**What can I get from the settlement?**  Without admitting any fault or liability, SmartPay has agreed to pay a total of $8,679,000.00 to create a non-reversionary settlement fund (the "Settlement Fund"), or up to $375 per Class Member. The Settlement Funds shall be available to pay each Class Member who does not opt out his or her pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses (including settlement administration), and a possible  incentive award to the Class Representative set by the Court. Final approval and a determination of an incentive award, attorneys' fees, and expenses are subject to a fairness hearing.

**What are my options?**  You can do nothing, comment on or object to any part of the settlement terms, or exclude yourself from the settlement. If you do nothing, you will receive a settlement check following final approval of the settlement and be bound by the settlement and will not be able to sue SmartPay in a future lawsuit about the claims in the settlement. If you exclude yourself (opt out), you will not get a payment—but you will keep your right to sue SmartPay on the issues in the settlement.

**How do I Opt Out or Object?**  If you wish to exclude yourself from the Class, you must prepare a written request for exclusion, including (1) your name, (2) you address, (3) name of the action (Esparza v. SmartPay), (4) a statement that you wish to be excluded from the Class, and (5) the Identification Number on this postcard and send it to the Class Administrator before _____ , 2019:.  You can also object to the settlement if you disagree with any of its terms.
***All Requests for Exclusion and Objections must be postmarked by _____, 2019.***  To obtain additional information about your legal rights and options, including important requirements, visit www.SmartPayTCPAClassAction.com, or contact the settlement administrator by writing to: SmartPay Leasing Class Administrator, c/o Heffler Claims Group, P.O. Box 58637, Philadelphia, PA 19102-8637 or info@SmartPayTCPAClassAction.com.

**When will the Court consider approval of the settlement?**  The Court will hold a fairness hearing on _____ , **2020** at the United States District Court, Northern District of California, 450 Golden Gate Avenue, Room 12, San Francisco, CA 94102 at _____.  At the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for attorneys' fees, expenses, and an incentive award to the Class Representative.  Class Counsel's request for attorneys' fees and costs will be posted at the website below.

**How Can You Get More Information?**  Many answers to frequently asked questions are available on the FAQ section of www.SmartPayTCPAClassAction.com. Any questions you have concerning this notice that are not answered by the FAQ section, should be sent to the Class Administrator at SmartPay Leasing Class Administrator, c/o Heffler Claims Group   P.O. Box 58637, Philadelphia, PA 19102-8637 or info@SmartPayLeasingTCPA.com.  The Class Administrator can also be reached by telephone at _____.
***Please note that this notice is a summary only.  Visit www.SmartPayTCPAClassAction or call 1-xxx-xxx-xxxx for complete information.***

# EXHIBIT B

**TO: ALL PERSONS WITHIN THE UNITED STATES (I) TO WHOSE CELLULAR TELEPHONE NUMBER (II) SMARTPAY LEASING SENT A TEXT MESSAGE (III) USING ITS VENDOR TWILIO, INC.'S PLATFORM (IV) FROM SEPTEMBER 29, 2015 TO JUNE 13, 2017, (V) AFTER TEXTING THE WORD "STOP."**

A court authorized this notice. This is not a solicitation from a lawyer.
You are not being sued. This notice is to inform you of a class action settlement.
*Para ver este aviso en español, visite* [**insert website**]

- A Settlement has been reached in a class action lawsuit alleging that SmartPay Leasing ("SmartPay") is liable under the Telephone Consumer Protection Act for allegedly unauthorized text messages sent to consumers' cellular telephones via Twilio's Inc's text messaging platform.

- The Settlement includes: All persons within the United States (i) to whose cellular telephone number (ii) SmartPay sent a text message (iii) using its vendor Twilio, Inc.'s platform (iv) from September 29, 2015 to June 13, 2017, (v) after texting the word "STOP."

- Defendant has agreed to pay $8,679,000 (the "Settlement Fund") to settle the lawsuit. After deducting costs of notice and claims administration, attorneys' fees and litigation costs, and an incentive payment to the class representative, the remaining amount will be divided on a *pro rata* basis (equally) among everyone that files a valid claim.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If you do nothing, you will remain a Class Member and will receive a payment if the Court finally approves the settlement. You will lose your right to file your own separate lawsuit against Defendant about any text messages you may have received after texting Defendant the word "STOP," and you will be bound by the settlement. |
| Exclude Yourself from the Settlement | This is the only option that allows you to be part of any other lawsuit against the Defendant, SmartPay, for the legal claims made in this lawsuit and released by the Settlement Agreement. |
| Object to the Settlement | Write to the Court with reasons why you do not like the Settlement. |
| Participate in the Hearing | Ask the Court for permission for you or your attorney to appear and be heard at the final fairness hearing. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at www.SmartPayTCPAClassAction.com, or call 1-___-___-____.

Questions? Call [insert number] or go to [insert url]
1

- The Court overseeing this case still has to decide whether to approve the Settlement. Payments will be distributed if the Court approves the Settlement and after any appeals are resolved.

# BASIC INFORMATION

## 1.  Why is this Notice being provided?

The Court directed that this Notice be sent because you have a right to know about the proposed Settlement that has been reached in this class action lawsuit and about your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, the Claims Administrator appointed by the Court will make the payments provided for by the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Northern District of California, and Judge William Alsup is overseeing the action. The case is known as *Esparza v. SmartPay Leasing, Inc.*, Case No. 17-cv-3421-WHA (the "Action"). Shawn Esparza is the Plaintiff and Class Representative. The company she sued, SmartPay, is the Defendant.  You do not have to live in California to be affected by or to get a payment under the Settlement.

## 2.  WHAT IS THIS LAWSUIT ABOUT?

In this lawsuit, Plaintiff claims that Defendant violated the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. (the "TCPA"), by sending text messages via an autodialer to Class Members after the Class Member texted "STOP."

The TCPA provides, among other relief, that a plaintiff may seek statutory damages of up to $500 per violation, and that this amount may be trebled for willful violations. The TCPA does not provide for the recovery of attorneys' fees. Defendant denies any wrongdoing and denies that it violated the TCPA.

The Court certified the case as a class action so that all claims regarding Defendant's text messages to Class Members will be resolved class-wide in this single lawsuit.  The Court's decision to certify the case as a class action did not decide any of the merits of the case.  This description of the case is general and does not cover all issues or proceedings.

## 3.  WHAT IS A CLASS ACTION?

In a class action, one or more people called a Class Representative(s), in this case Shawn Esparza, sue on behalf of people who have similar claims. Together, the Class Representative and group of individuals are called the Class or Class Members. One court resolves the issues for all Class Members, except for those who requested to be excluded from the Settlement.

Questions? Call [insert number] or go to [insert url]

2

### 4.   WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiff or Defendant. Instead, the Plaintiff and Defendant agreed to settle the Action to avoid the risks and cost of a trial. The Settlement also allows Class Members to be compensated without further delay. The Class Representative and her attorneys think the Settlement is best for all Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

### 5.   AM I INCLUDED?

The Settlement class members include all persons within the United States (i) to whose cellular telephone number (ii) SmartPay sent a text message (iii) using its vendor Twilio, Inc.'s platform (iv) from September 29, 2015 to June 13, 2017, (v) after texting the word "STOP."  Defendant's records have identified 23,144 persons in the Class.

Excluded from the Settlement are SmartPay, its parent companies, affiliates, or subsidiaries, or any entities in which such companies have a controlling interest; any employees thereof; the judge or magistrate judge to whom the Action is assigned and any member of those judges' staffs and immediate families; and any persons who timely and validly request exclusion from the Class.

Postcard notice of the Settlement has been sent to individuals identified as potential users or subscribers of phone numbers receiving such texts based upon SmartPay's available business records.

## THE SETTLEMENT BENEFITS

### 6.   WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides $8,679,000 to create a non-reversionary settlement fund  (the "Settlement Fund"), or up to $375 per Class Member. The Settlement Funds shall be available to pay each Class Member who does not opt out of their pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, including settlement administration, and an incentive award to the Class Representative set by the Court. Plaintiff will petition the Court for an incentive award and attorneys' fees, litigation expenses, and costs of settlement administration. Final approval and a determination of an incentive award, attorneys' fees, and expense are subject to a fairness hearing.

### 7.   HOW MUCH WILL MY PAYMENT BE?

Each Class Member will be entitled to a one-time *pro rata* (i.e., equal or proportional) share of the net Settlement Fund. The parties estimate the payment will be between $200.00-$245.00. No action is required on your part to receive this payment. The Claims Administrator will issue payments by way of check. Any unclaimed or un-cashed funds or checks will be divided among the Class Members who cashed their settlement checks if the

Questions? Call [insert number] or go to [insert url]

3

remaining amount will provide for more than $10 per person, otherwise it will become part of the Settlement Fund for *cy pres* distribution to CTIA, or a similar organization approved by the Court.

# HOW TO GET SETTLEMENT BENEFITS

### 8.   HOW DO I RECEIVE A PAYMENT?

You do not need to do anything to remain a member of the Class and receive payment.

### 9.   WHEN WILL I GET MY PAYMENT?

The Court has scheduled a Final Approval Hearing before Judge William Alsup on **[DATE AND TIME]** in Courtroom 12 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. You or your attorney (at your expense) may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement. If Judge Alsup grants Final Approval, and there are no appeals, the Order will become final thirty days from the date it is entered. If there are appeals, the Final Approval Order will not become final until those appeals are resolved. It is always uncertain whether and when appeals would be resolved. The Claims Administrator will attempt to pay all claims within 30 days of the date the Order becomes final.

# THE LAWYERS REPRESENTING YOU

### 10. DO I HAVE A LAWYER IN THIS CASE?

Yes, the Court appointed Ronald A. Marron, Alexis M. Wood, and Kas L. Gallucci, of The Law Offices of Ronald A. Marron, 651 Arroyo Drive, San Diego, CA 92103 to represent you and other Class Members as "Class Counsel". Their contact information is below.

> Ronald A. Marron
> Alexis M. Wood
> Kas L. Gallucci
> The Law Offices of Ronald A. Marron
> 651 Arroyo Drive
> San Diego, California 92108
> Admin@ConsumersAdvocates.com

You may hire your own lawyer at your own expense, but you have to.

### 11. HOW WILL THE LAWYERS, CLASS REPRESENTATIVE AND CLAIMS ADMINISTRATOR BE PAID?

Class Counsel will apply to the Court for no more than one-third of the Settlement Fund (a maximum of $2,893,000) for their attorneys' fees, for their litigation costs (estimated to be approximately $60,000), as well as all reasonable costs and expenses associated with giving notice to the Class Members and administering the Settlement (estimated to be approximately $75,000), and an Incentive Award in the amount of no more than

$7,500 for the Class Representative for her efforts in bringing the action and assisting throughout the litigation. The Incentive Award sought amounts to less than .33 cents per Class Member and less than 1% of the total recovery. The above expenses, costs, incentive award and fees combined represents approximately 35% of the Settlement Fund. The anticipated net amount expected to be distributed to each Class member is approximately $245.00. Final approval and a determination of an incentive award, attorneys' fees, settlement administration costs, and expenses are subject to a fairness hearing. If approved by the Court, all of these amounts will be deducted and paid from the Settlement Fund before making payments to Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue Defendant on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class.

### 12. WHAT HAPPENS IF I ASK TO BE EXCLUDED?

If you are a Class Member and you ask to be excluded from the Settlement, you will keep the right to sue SmartPay on the issues the Settlement concerns, but SmartPay can raise all of its defenses. You will not be legally bound by the Court's orders or any judgment related to the Class and the Defendant in this class action and you will not be entitled to any relief the Settlement provides.

### 13. HOW DO I ASK TO BE EXCLUDED?

You have the right to exclude yourself from the Settlement ("opt-out") by sending a letter to the Class Administrator containing (1) your name, (2) your address(3) the name of this case, *Esparza v. SmartPay*, (4) a statement that you wish to be excluded from the Class (for example, "Exclude me from the *Esparza v. SmartPay* case.") and (5) the Identification Number on the postcard you received in the mail. If you exclude yourself from the Settlement -- in other words, if you opt out -- you will retain any claims you might have against Defendant, you will not be bound by the settlement, and you will not share in any recovery provided in any settlement agreement. You request for exclusion must be postmarked on or before _____, **2019**, and addressed as follows.

SmartPay Leasing Class Administrator
c/o Heffler Claims Group
P.O. Box 58637
Philadelphia, PA 19102-8637

Upon receipt of the requests for exclusion, the Class Administrator will promptly provide copies to the attorneys for the parties.

Questions? Call [insert number] or go to [insert url]

## 14. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

If you are a member of the Class and you do not submit a request for exclusion, you will give up your right to sue SmartPay on the issues the Settlement concerns through an individual or class action.

## 15. IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I GET ANYTHING FROM THE SETTLEMENT?

No. If you exclude yourself from the Settlement you will no longer be able to receive a benefit from the Settlement.

## 16. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. To object, you must mail a letter or other document saying that you object to the Settlement of *Esparza v. SmartPay*, United States District Court for the Northern District of California, Case No. 17-cv-3421-WHA, and the reasons for your objection. Your objection must also include your full name, address, current telephone number,  the Identification Number on the Direct Notice your received  and any documents that support your objection. Mail the objection to each of the following addresses postmarked no later than _____ , 2019. If you are represented by a lawyer, your lawyer must file your objection or comment with the Court. Include your lawyer's contact information in the objection or comment.

| Clerk of the Court U.S. District Court Northern District of California 450 Golden Gate Avenue, San Francisco, CA 94102 | Class Counsel Ronald A. Marron Law Office of Ronald A. Marron 651 Arroyo Drive San Diego, CA 92103 | Defense Counsel Jeffrey A. Topor Simmonds & Narita, LLP 44 Montgomery Street, Ste. 3010 San Francisco, CA 94194 And Emily Lee Wallerstein Eric J. Troutman Squire Patton Boggs 555 S. Flower Street 31st Floor Los Angeles, CA 90071 | Claims Administrator P.O. Box 58637 Philadelphia, PA 19102-8637 |

## 17. MAY I SPEAK TO THE COURT ABOUT MY OBJECTION?

Yes, you may also ask the Court for permission for you or your attorney to speak at the fairness hearing. To do so, you must (1) file a notice of appearance with the Court no later than ten (10) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (2) serve a copy of such notice of appearance on all counsel for all Parties.  .

Questions? Call [insert number] or go to [insert url]

6

C:\Users\etroutman\Documents\Smartpay\Class Settlement Documents\Website Notice longform Esparza.Defendant Redline.docx

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

### 18. WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO AND ASKING TO BE EXCLUDED FROM THE SETTLEMENT?

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself means telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you are excluding yourself from the entire Settlement, and you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. WHEN AND WHERE IS THE FAIRNESS HEARING?

The Court will hold a final fairness hearing at _____ __.m. on _____ **2020** in Courtroom 12 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William Alsup. If anyone has asked to speak at the hearing (see Question 17), Judge Alsup will listen to him or her at that time. The Court will decide after the hearing whether to approve: (1) the Settlement as fair and reasonable; (2) the amount of attorneys' fees and costs of litigation; (3) the costs of notice and claims administration; and (4) the incentive payment to be provided to the Plaintiff as Class Representative.  The Motion for Attorneys' fees and costs will be posted on the website after they are filed.

We do not know how long these decisions will take.

### 20. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions Judge Alsup may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. If you mail your written objection on time, the Court will consider it.

## GETTING MORE INFORMATION

### 21. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which can be viewed or downloaded [here] and is part of the Court's file, a public record. Many of the Court papers, including this Notice, the Settlement Agreement, and the Order for Preliminary Approval are also posted on the Settlement website, www.SmartPayTCPAClassAction.com. You can obtain a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case *Esparza v. SmartPay Leasing, Inc.*, Case No. 17-cv-3421-WHA, at the Clerk's office at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. The clerk's office has the ability to make copies of any such public documents for you. Also, all filed documents in the case, including the Settlement documents, are available for viewing online for a fee through the Court's PACER document review system (www.pacer.gov).

Questions? Call [insert number] or go to [insert url]

**CONTACT THE SETTLEMENT ADMINISTRATOR WITH ANY QUESTIONS**
**1-XXX-XXX-XXXX OR GO TO WWW.SMARTPAYCLASSACTION.COM**

## 22. WHAT AM I GIVING UP IN EXCHANGE FOR THE SETTLEMENT?

Unless you exclude yourself, you will release SmartPay, and each of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives. (collectively "Released Parties") from any and all claims, as of the date of the Final Approval Order, that relate to automated text messages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 and parallel state law claims related to such text messages sent by SmartPay to Class Members during the Class Period. The release also covers known and unknown claims, and waives rights under California Civil Code § 1542 and similar statutes. You will no longer be able to sue, continue to sue, or be part of any other lawsuit against Defendant and related parties about the claims made in this Action and released by the Settlement Agreement. This means that all of the Court's orders will apply to you and will legally bind you. By staying in the Class, you agree to release any claims, known and unknown, arising from the facts alleged in this lawsuit. The full terms of this Release are contained in the Settlement Agreement, Section 18, available at www.SmartPayTCPAClassAction.com, or at the public court records on file in this lawsuit.

C:\Users\etroutman\Documents\Smartpay\Class Settlement
Documents\Website Notice longform Esparza.Defendant
Redline.docx