IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN ESPARZA, on behalf of herself, and all others similarly situated,

    Plaintiff,

v.

SMARTPAY LEASING, INC.,

    Defendant.

No. C 17-03421 WHA

**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## INTRODUCTION

In this class action for alleged violations of the Telephone Consumer Protection Act, plaintiff moves for preliminary approval of a proposed class settlement. For the reasons explained below, the motion is **GRANTED**.

## STATEMENT

In early 2016, plaintiff Shawn Esparza allegedly terminated her lease of a mobile phone from defendant Smartpay Leasing, Inc. She nonetheless continued to receive promotional text messages from defendant on a different phone. The messages continued even after plaintiff requested defendant stop sending them. Defendant later learned that a coding error in its platform prevented individuals from opting out of receiving the texts. Based on these allegations, plaintiff filed her initial complaint in June 2017 asserting two claims for negligent and willful violations of the TCPA (Compl. ¶¶ 19, 22–29, 53–63). A June 2019 order certified the following class:

    <u>"STOP" Text Message Class:</u> All persons within the United States (i) to whose cellular telephone number (ii) SmartPay Leasing, Inc. sent a text message (iii) using its vendor Twilio, Inc.'s platform

>     (iv) from September 29, 2015 to June 13, 2017, (v) after texting
>     the word "STOP."

In July 2019, following mediation with the Honorable Leo S. Papas, Ret. of Judicate West in San Diego, the parties reached a settlement. Plaintiff now moves for preliminary approval of the class action settlement agreement (Dkt. Nos. 89, 99, 103). Defendant does not oppose. This order follows full briefing and oral argument.

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker). Here, the proposed settlement agreement satisfies these requirements.

**1.** **BENEFIT TO CLASS MEMBERS.**

The proposed class settlement establishes a gross $8,679,000 non-reversionary settlement fund to be distributed evenly among 23,144 class members. Each class member would accordingly receive a gross payment of $375. Because the TCPA provides for statutory damages of $500 per violation, this settlement amounts to 75% of the monetary damages plaintiff contends is owed to the class. This is before any deductions from the settlement fund, which deductions will include any future awards for plaintiffs' attorney's fees and litigation expenses, any incentive award, and payments to the claims administrator.

Although the settlement fund reflects a discount on plaintiff's claims, there exists a risk that defendant would go bankrupt and the class would be left with much less (if anything) even if plaintiffs did succeed at trial. This motion follows the parties' exchange of key written and documentary discovery and motion practice, with defendant consistently denying plaintiff's allegations. The difference between the possible recovery and the gross settlement fund accounts for the avoided risks and costs of continued litigation and thus appears reasonable. The reasonableness of the benefit to class members will ultimately hinge, however, on the

2

amount allocated towards the settlement administrator, attorney's fees, litigation expenses, and any incentive award. As of now, the settlement amount falls within the range of approval.

### 2. SCOPE OF RELEASE.

The proposed settlement agreement defines the class using the same definitions set forth in the class certification order. The agreement also only releases all claims that relate to automated text message pursuant to the TCPA, U.S.C § 227 and parallel state law claims related to such text messages sent by SmartPay to class members during the defined class period. The scope of the class definition and release in the proposed settlement agreement is therefore appropriately tailored and thus falls within the range of possible approval.

### 3. OTHER CONSIDERATIONS.

Additional factors weigh in favor of granting preliminary approval. Relevant to the question of whether the agreement appears to be "the product of serious, informed, noncollusive negotiations," the parties have been litigating this case for over two years, including an appeal of the denial of Smartpay's motion to compel arbitration. The parties reached the proposed settlement only after attending a full day of mediation with retired Magistrate Judge Papas. Importantly, the proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund.

In the event that any class member does not cash their settlement check, leftover funds will first go to class members who have cashed their checks, or if not feasible, paid to a *cy pres* recipient. Plaintiff proposes that leftover funds be distributed to CTIA, a trade association that promotes best practices and recommendations for how to be TCPA compliant. This order finds that CTIA is an appropriate choice for a *cy pres* recipient.

### 4. NOTICE.

Under the proposed settlement agreement, the claims administrator will use the class list containing the contact information of class members provided by Smartpay to send notice via first-class mail. At oral argument, the parties clarified that in the rare situation where notice remains undeliverable even after the notice process outlined in the proposed settlement agreement, said class members' claims are not waived. A class settlement website will also be

created where the long form of the notice will be posted. The proposed class notice satisfies the requirements of FRCP 23(c)(2)(B) and 23(e)(1), as it clearly describes of the nature of the action, the estimate for each class member's expected recovery, the implications of objecting to the settlement, and the process for opting out of the settlement.

**CONCLUSION**

The terms of the parties' settlement agreement are hereby **PRELIMINARILY APPROVED** as being fair, reasonable, and adequate to the members of the class, subject to further consideration at the final approval hearing. Plaintiff's unopposed motion for preliminary approval of the settlement is **GRANTED**.

Heffler Claims Group is hereby appointed as claims administrator. Provided that all missing information in the proposed notices is filled out, the proposed form of notice for the class is **APPROVED.** If it has not been done already, Smartpay shall provide the claims administrator with the class list as defined in the proposed settlement agreement and any other information necessary to conduct the mailing of the notices. Class notice should be distributed by **OCTOBER 16, 2019**.

The deadline to opt out of the settlement or to file objections to the settlement is **DECEMBER 16, 2019**. The parties shall respond to any objections to the settlement by **JANUARY 6, 2020**. Class counsel shall file a motion for an award of attorney's fees, costs and enhancement award on or before **NOVEMBER 21, 2019**. By **DECEMBER 16, 2019**, plaintiff shall file a motion for final approval of the class settlement. A hearing to consider whether the class settlement should be given final approval, and on plaintiff's motion for attorney's fees, costs and enhancement awards, **SET** for **JANUARY 16, 2020 AT 11:00 A.M**

The final pretrial conference and trial dates are hereby **VACATED** and will be reset if final approval is not granted.

**IT IS SO ORDERED.**

Dated: September 12, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE