UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ESPARZA, on behalf of herself, and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SMARTPAY LEASING, INC.,<br><br>    Defendant. | No. C 17-03421 WHA<br><br>**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEY'S FEES** |

**INTRODUCTION**

In this class action for alleged violations of the Telephone Consumer Protection Act, plaintiff moves for final approval of a proposed class settlement and for attorney's fees and expenses. Defendant does not oppose. For the reasons below, the motion is **GRANTED**. The motion for attorney's fees and costs is **GRANTED IN PART**.

**STATEMENT**

Prior orders set forth the background of this case (Dkt. Nos. 89, 104). In short, plaintiff Shawn Esparza terminated her lease of a mobile phone from defendant Smartpay Leasing, Inc. in early 2016. She nonetheless continued to receive promotional text messages from defendant even after she requested defendant stop sending them. Defendant later learned of a coding error in its platform that prevented individuals from opting out of receiving the texts. Based on

1  these allegations, plaintiff filed her initial complaint in June 2017 asserting claims for

2  violations of the TCPA (Compl. ¶¶ 19, 22–29, 53–63).

3      A June 2019 order certified the following class:

4      <u>"STOP" Text Message Class</u>:  All persons within the United States
(i) to whose cellular telephone number (ii) SmartPay Leasing, Inc.

5  sent a text message (iii) using its vendor Twilio, Inc.'s platform
(iv) from September 29, 2015 to June 13, 2017, (v) after texting

6  the word "STOP."

7      A September 2019 order granted plaintiff's motion for preliminary approval of a

8  proposed class settlement. The same order approved, as to form and content, a notice

9  concerning the class settlement agreement and final approval hearing (Dkt. No. 104).  The

10  settlement administrator mailed notice of the proposed class settlement and fee request to

11  23,144 class members and posted all relevant documents on a website.  For the notices

12  returned as undeliverable, the administrator used the locator service Lexis Nexis, TransUnion,

13  reverse phone lookup, and a narrow social security skip trace to locate the individuals.

14  Ultimately, only 103 individuals have been unable to receive notice, and they will be excluded

15  from the class.  There have been no requests to opt out and no class members have objected to

16  the settlement (Heffler Decl. ¶¶ 10–13; Fenwick Decl. ¶ 12).

17      Plaintiff now moves for final approval of the proposed class settlement of $8,679,000 and

18  for an award of $2,142,354.60 in attorney's fees, $32,081.58 in costs, and an incentive award

19  of $2,500 for the named plaintiff.  Defendant does not oppose. This order follows full briefing

20  and oral argument.

21  **ANALYSIS**

22      Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a

23  certified class . . . may be settled . . . only with the court's approval."  When a proposed

24  settlement agreement is presented, the district court must perform two tasks: (1) direct notice in

25  a reasonable manner to all class members who would be bound by the proposal, and (2)

26  approve the settlement only after a hearing and on finding that the terms of the agreement are

27  fair, reasonable, and adequate.  FRCP 23(e)(1)–(2).

28

### 1. FINAL APPROVAL OF CLASS SETTLEMENT.

#### A. ADEQUACY OF NOTICE.

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice (Dkt. No. 104). As described above, the claims administrator has fulfilled the notice plan. This order accordingly finds that notice to class members was adequate.

#### B. SCOPE OF RELEASE.

This settlement only releases all claims that relate to automated text messages pursuant to the TCPA, 47 U.S.C. § 227, and parallel state law claims related to such text messages sent by SmartPay to class members during the defined class period. Furthermore the class is defined the same as in the class certification order. The scope of release is thus appropriately tailored and approved.

#### C. FAIRNESS, REASONABLENESS, AND ADEQUACY OF PROPOSED SETTLEMENT.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). For the following reasons and for the reasons stated in the September 2019 order (Dkt. No. 104), this order finds that the proposed class settlement is fair, reasonable, and adequate under FRCP 23(e).

*First*, the settlement terms are fair, reasonable, and adequate. Although the gross settlement fund of $8,679,000 amounts to 75 percent of the statutory damages that plaintiff contends are owed to the class, there exists a risk that the class would be left with much less even if plaintiff did succeed at trial. Furthermore, the class representative and counsel have adequately represented the class. The parties reached the proposed settlement after over two years of litigation including an appeal to our court of appeals regarding this Court's October 2017 order denying a motion to compel arbitration (Dkt. No. 33), motion practice, and mediation with the Honorable Leo S. Papas, Ret. of Judicate West in San Diego.

*Second*, the plan of allocation of the settlement proceeds is fair and reasonable. The net settlement after the deduction of expenses, attorney's fees, and any incentive award will be distributed evenly amongst the class members. In the event that any class member does not cash their settlement check, the leftover funds will be redistributed to class members on a pro rata basis. If the leftover funds are less than $10 per class member, they will go to cy pres recipient CTIA. The proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund.

In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**.

**2.     MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD.**

*A.     EXPENSES.*

Class counsel seek to recover from the settlement fund $32,081.58 in litigation expenses. These expenses include costs for an expert witness ($14,888), transcripts ($6,123.29), and travel. Counsel also seek reimbursement for postage, copying, filing, subscription, and process server fees. These expenses were a reasonable and necessary part of the litigation, and are of a type customarily billed to a fee-paying client. No class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED**.

4

1  Settlement administrator Heffler Claims Groups shall receive $75,000 of administrative expenses from the settlement fund.

### B. INCENTIVE AWARD.

Plaintiff requests a $2,500 service award. Generally, only when a class representative has actually incurred genuine out-of-pocket costs should those costs be considered. Plaintiff's declaration does, however, state that she worked with counsel throughout the litigation process, especially during discovery, and also "cleared [her] schedule and booked a flight from Arizona to San Francisco for a settlement conference in San Francisco which was thereafter vacated." Given these efforts, a $100 service award is **GRANTED**.

### C. ATTORNEY'S FEES.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized 25 percent of the common fund as a benchmark award for attorney's fees under the percentage method. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The benchmark may, however, be adjusted, or replaced by a lodestar calculation to account for the specific circumstances of the case. *See Six Mexican Workers v. Arizona Citrust Growers*, 904 F.2d 1301, 1311(9th Cir. 1990).

Class counsel here seek $2,142,354.60 — or 25 percent of the net settlement fund if all fees, expenses and awards were to be granted. This action began two years ago and since then, plaintiff's counsel has conducted five depositions and motion practice including a motion to compel arbitration, which led to an appeals process, as well as a motion for class certification. The total recovery, had the case been won, would have been approximately $11,572,000, so the settlement represents 75 percent of the potential recovery. An award of $2,000,000, which is approximately 23 percent of the gross settlement fund, is reasonable here.

This amount still far exceeds the lodestar of $914,301.50. Class counsel logged 1,500 hours for this case. The majority of counsel's billing records demonstrate fair billing judgment and is evidenced by counsel's representation of reducing double billing. Counsel also appeared to staff reasonably with paralegals taking care of the scheduling and document management while the attorneys took care of strategy and substantive discovery and motion practice.

Counsel propose the following billing rates:

| Name | Position | Rate |
|---|---|---|
| Ron Marron | Partner | $785 |
| Alexis Wood | Senior Associate | $575 |
| Kas Gallucci | Senior Associate | $525 |
| Paralegals | N/A | $215 |

(Marron Decl. ¶ 31). In light of other rates approved in this district, these rates are acceptable. Thus, class counsel's lodestar is $914,301.50. The lodestar may be multiplied according to a variety of reasonable factors such as the benefit obtained for the class. *In re Bluetooth Headset Prods. Liabl.* Litig., 654 F.3d 935, 941–42. As stated above, the class will recover approximately 75 percent of the potential damages. Additionally, class counsel litigated effectively despite the risk of nonpayment by taking the case on a contingent-fee basis despite the substantial risks of litigation.

In sum, class counsel took a fair risk and won the class a substantial benefit. An award of $2,000,000 representing a lodestar multiplier of approximately 2.187 is reasonable. The motion for attorney's fees is accordingly **GRANTED IN PART**. Counsel is awarded $2,000,000.

## CONCLUSION

It is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the

circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval. Accordingly, the undersigned hereby determines that all class members who did not exclude themselves from the settlement by filing a timely request for exclusion are bound by this settlement order.

2. The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiff, and defendant; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law. The settlement is therefore **APPROVED**.

3. Having considered class counsel's motion for attorney's fees, reimbursement of expenses, and an incentive award, the undersigned hereby awards class counsel attorney's fees of $2,000,000. Half of this amount shall be paid after the "effective date" as defined in the settlement agreement. The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed.

4. Class counsel shall also receive $32,081.58 as reimbursement for their litigation expenses, to be paid from the settlement fund. The class representative shall receive a $100 service award.

*          *          *

The Court particularly commends Attorney Alexis Wood for the excellent work she has done on this case.

**IT IS SO ORDERED.**

Dated: January 28, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7